EDWIN G. GREENMAN *et al.*

*v.*

ANNA HARVEY.

1. RETURN UPON PROCESS—*of the time of service.* A return upon a summons was as follows: "Served the within named," giving the names of the defendants, and concluding thus: "This fifth day of April, 1867:" *Held*, that by a proper construction of the return, the summons was served on the date mentioned, and the return was sufficiently certain in that regard.

2. SERVICE *of summons in chancery—upon several defendants.* The return upon a summons in chancery against several, was as follows: "Served the within named, by leaving a true copy of the same with the within named," giving the names of the several defendants: *Held*, it might reasonably be inferred from the return, that a copy was delivered to each defendant.

3. But if the return would not bear that construction, it could only be understood that a copy was delivered to all the defendants collectively, and not to one of the number, and such a service would be sufficient.

4. SERVICE OF PROCESS *upon infants—necessity thereof.* In a suit in chancery, an infant was made a party defendant in the bill, but was not named in the summons or served with the process. The guardian of the minor defendant, however, was named in the process and served therewith, and entered the appearance of his ward and filed an answer: *Held*, this was not sufficient to give the court jurisdiction of the person of the minor; that could be acquired only by service upon the minor himself. The guardian had no authority to enter his appearance.

5. ASSIGNMENT OF ERROR—*by whom.* As a general rule, one of several parties to a suit can not avail of an error committed against his co-plaintiff or co-defendant, but this rule is subject to the limitation that the party seeking to avail of such error is not affected by it.

6. So, where a widow instituted a suit for an assignment of her dower in lands which her husband, in his lifetime, had sold and agreed to convey, making the purchasers and the heirs at law parties defendant, and a decree was rendered in accordance with the prayer of the bill, upon writ of error sued out by the purchasers, they may assign as error, that there was no service of process in the court below upon one of the heirs, who was a minor, although such minor did not join in the writ of error, because it would be their right to have all questions in regard to the dower settled in that proceeding.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. EDWARD Y. RICE, Judge, presiding.

The opinion states the case.

Messrs. MOULTON & CHAFFEE, for the plaintiffs in error.

Messrs. HENRY & READ, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit brought by defendant in error, in the Christian circuit court, against plaintiffs in error, for the assignment of dower in the premises described on the petition. It alleges that in October, 1865, Thomas Harvey bargained to sell the south half of lot thirteen, in block one, in the town of Pana, to Greenman and Dowling, and gave to them a bond for a conveyance on payment of the purchase money; that Harvey died before payment was made, and no deed was executed; that after their purchase, they entered into possession, and had occupied the premises until the bill was filed; that Harvey made a will before his death, disposing of his property, but petitioner had renounced the provisions of the will, and elected to take under the statute.

It is further alleged that John Harvey, a son, and Anna Bell Bean, are his only heirs at law. Greenman, Dowling, Harvey, Anna Bell Bean, and Crager, her guardian, were made defendants. There was a prayer for process and for assignment of dower in the premises. A summons was issued against all the defendants but Anna Bell Bean, and upon it this return was made:

" Served the within named, by leaving a true copy of the same with the within named Edwin G. Greenman, William L. Dowling, John Harvey and Samuel Crager, guardian of Anna Bell Bean. This fifth day of April, 1867.

                          " JOHN WHITE, *Sheriff.*

                          " PATRICK HENNESSY, *Deputy.*"

Subsequently, Crager, as the guardian of Anna Bell Bean, filed an answer, in which he says he knows of no defense, but requires proof, and asks the court to protect the interests of his ward.

It is urged that there was not a sufficient service of the summons to give the court jurisdiction of the defendants; that the date of the service is uncertain, and that it does not appear whether a copy of the summons was served on each of them. The return is dated the fifth of April, and it says it was served on that day. It will bear no other construction. After saying that he had served the persons named in the summons, it says, " this fifth day of April." It is the same, in sense, as if it had commenced, " this fifth day of April, served," etc. There is no uncertainty or doubt in regard to when it was served, and the return is explicit that the summons was served by leaving a true copy with the defendants. We think it may reasonably be inferred that a copy was delivered to each. But if it will not bear that construction, then it can only be understood that a copy was delivered to all the defendants collectively, and not to one out of the number; and this should be held sufficient under the statute. It requires that the service shall be by delivering a copy to the defendant in chancery causes, and this was served in that mode, and if all were present, and they

received the copy, it would answer the requirements of the statute.

It is urged that while Anna Bell Bean was made a defendant in the bill, she was not named in the summons, nor was she served with process, and that the guardian had no power to enter her appearance. That she was a necessary party, there can be no question. As an owner of one-half the fee, at law, she was a necessary party, that, on a final hearing, her interests and rights should be passed upon and determined. Not having been brought before the court, she is not bound by the decree, and may, in the future, contest the right of the widow to dower, as though this proceeding had never been instituted. Counsel have referred us to no case, nor are we aware of any, which holds that a guardian may enter the appearance of the ward. We are inclined to the opinion that such a practice should not be sanctioned; that it would be liable to great abuse, and in practice it can work but little, if any, inconvenience to have minors brought before the court by service. If that be required, it usually affords notice to the friends of the minor, who may feel a deeper interest in his welfare than his guardian. It affords another means of protecting the interests of the minor. The want of service on the minor was, therefore, not supplied by the guardian filing an answer in the case.

In the cases of *Cochran* v. *McDowell*, 15 Ill. 10, and *Reddick* v. *State Bank*, 27 ib. 148, it was held, that the guardian can not make admissions that will bind his ward; and if not, how can it be said he can enter the appearance of his ward, the effect of which is to deprive the ward of rights held in the land? We have repeatedly held that a guardian can not confess a bill against his ward. If so, for the same reason he should not be permitted to enter the appearance when he says he knows of no defense, and must know the result will be precisely the same as confessing the bill. Nor does the minor become a ward of court until he is served, either by summons or by publication. The court assumed no jurisdiction over

the minor in this case.   For want of proper parties in the court below, it was error to render the decree.

But it is urged, that as the minor does not appeal, and as there are no errors committed against appellants, they can not assign errors committed against the minor.   One defendant, as a general rule, can not assign errors committed against a co-defendant, but the rule is subject to the limitation, that it is only in cases where the rights of appellant are not affected by the error. In this case, appellants are the purchasers, and the minor and her co-tenant in common, hold the legal title, and the property is subject to dower.   It is, therefore, a matter of importance to appellants that the question of dower be definitely settled before they complete their purchase and receive their deed. If, when they come as purchasers to settle their equities with the estate, they were to insist that they had purchased the property, and it was to be free from dower under the contract, and were to claim an abatement from the purchase money because the court had settled and fixed the extent of the incumbrance by this decree, it could be answered, that as to the minor, the decree was not binding, and when proceedings were taken against the minor to have dower assigned as to her half, that a much smaller sum might be decreed.   Or how can appellants know but on such a proceeding it might be much larger?   It was their right to have all questions relating to dower adjusted in this proceeding.   It is only where we can see that the interests of a plaintiff in error are not, or can not, be affected by errors committed against a co-defendant, that he will not be permitted to rely upon them for a reversal.   The decree of the court below is reversed and the cause remanded.

*Decree reversed.*