## JOHN F. ROWAND *et al.*

*v.*

## JOHN CARROLL *et al.*

1. ADMINISTRATOR'S SALE—*affidavit of non-residence of defendants.* The statute providing for publication of notice of an application by an administrator for the sale of land to pay debts, being silent as to who shall make the affidavit, to authorize publication, there is no force in an objection that it is made by a person other than the administrator.

2. SAME—*sufficiency of affidavit to authorize publication.* An affidavit of the non-residence of the defendants in a petition by an administrator to sell lands, to authorize publication of notice, may be made upon the affiant's information and belief, and perjury may be assigned on such affidavit.

3. PRACTICE IN SUPREME COURT—*error as to one not complaining.* On writ of error by a part of the defendants in a proceeding by an administrator to sell lands, they can not assign for error that no summons was issued to a co-defendant, especially when no injury is shown to have resulted to the plaintiffs in error.

4. DOWER—*in a body, in case of several tracts.* On application by an administrator, to sell lands for the payment of debts, and for the assignment of the widow's dower, previous to the act of 1865 authorizing dower to be assigned in a body, the heirs can not complain that the dower was so assigned, as it was for their interest, in making the several tracts sell more advantageously.

5. JUDICIAL SALE—*sale en masse of several tracts.* It seems that a party complaining of the sale of 1320 acres in one body, by an administrator, must show that the sale in that manner was detrimental to his interests, or the land did not bring its full value.

6. SAME—*objection must be made below to irregularity in sale.* Where an administrator's report of the sale of 1320 acres of land shows he first offered the tracts separately, and then in a body, and no motion was made in the court below to set the sale aside, and no objection made to its confirmation: *Held,* that no question of error growing out of an alleged irregularity in the sale, could be properly presented on error in this court.

WRIT OF ERROR to the County Court of Edgar county; the Hon. GEO. K. LARKIN, Judge, presiding.

Messrs. HENRY & PENWELL, for the plaintiffs in error.

Messrs. MANN & CALHOUN, and Mr. E. S. TERRY, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition, filed in the county court of Edgar county, on the 6th day of July, 1864, by Benajah Rowand and Thomas L. Rowand, administrators, with the will annexed, of the estate of Edward Rowand, deceased, for the assignment of dower and the sale of lands to pay debts of the estate.

The petition set forth that the deceased left him surviving, Margaret Rowand as his widow, and the following named children: Mary Carroll intermarried with John Carroll, Clarissa Clemens intermarried with John Clemens, Benajah Rowand, William Rowand, Alexander Rowand, Amanda Brown intermarried with Robert Brown, Thomas L. Rowand, Edward M. Rowand, John F. Rowand, Isaac Rowand, Margaret J. Rowand, Mary E. Rowand, and Gustavus Rowand—the six latter being under fourteen years of age.

At the August term, 1864, a decree was entered finding the

15—81ST ILL.

widow entitled to dower, and appointing commissioners for its assignment, who subsequently made their report assigning dower, which was approved; and afterward, at the same term, the lands described in the petition were ordered to be sold, those upon which the dower was assigned to be last sold. The sale was had October 10, 1864, the report of sale made and approved at the November term, 1865.

November 13, 1875, Edward M. Rowand, John F. Rowand, Isaac Rowand, Margaret J. Rowand, Mary E. Rowand, and Gustavus Rowand, sued out this writ of error. In the assignment of errors, the first two of the plaintiffs in error are represented as being of the respective ages of twenty-four and twenty-two years, and the rest as minors.

There was no personal service, but only publication of notice, as to these parties, in the court below, and it is objected that the court did not acquire jurisdiction of the person of the parties, because of the insufficiency of the affidavit of non-residence upon which the publication of notice was made.

Two objections are taken to the affidavit: *First*, that it should have been made by the administrators; and *secondly*, that it was made upon information and belief.

The form of the affidavit was:

" James A. Eads being duly sworn, on oath, says that he is attorney for said administrators; that Mary Carroll, John Carroll, Margaret Rowand, Clarissa Clemens, John B. Clemens, William Rowand, Amanda Brown, Robert Brown, Edward M. Rowand, John F. Rowand, Isaac Rowand, Margaret J. Rowand, Mary E. Rowand, and Gustavus Rowand, are not residents of the State of Illinois, *as he is informed and believes.*                                  JAMES A. EADS."

The provision of the statute is: " Whenever any petitioner shall file in the office of the clerk of the court in which his petition is pending, an affidavit, showing that any defendant resides or hath gone out of this State, or on due inquiry can not be found, or is concealed within said State, so that process can not be served on him, or that the persons required to be

made parties, or any of them, are unknown, the clerk shall cause a notice of the pending petition," etc., to be published.

The statute is silent as to the person who shall make the affidavit, and the fact of the non-residence of the defendants can not be supposed as being peculiarly within the knowledge of the petitioner, but that it may as well be known to others as to himself. There is nothing in the first point of objection.

In *Frink* v. *Flanagan*, 1 Gilm. 35, an affidavit made in a replevin suit, by an agent of the plaintiff, that he believed the plaintiff was the owner of the property about to be replevied, was held to be insufficient. And in *Dyer* v. *Flint*, 21 Ill. 80, an affidavit in an attachment suit, made by the agent of the plaintiff, that he was informed and verily believed the defendant was indebted to the plaintiff in the amount specified, was adjudged to be insufficient. These decisions were upon the ground that the respective statutes in those cases required a positive statement of the ownership, and indebtedness, to be made in the affidavit.

There is a difference, in this respect, in the language of the statute here involved. Its language is, that the petitioner shall file " an affidavit showing that any defendant resides or hath gone out of this State." It does not require that the affidavit shall contain a positive statement of the fact of non-residence, etc., but that there shall be filed an affidavit showing such fact. An affidavit upon information and belief, is a mode of showing such fact, and does show it, in that mode.

We think the difference in the phraseology, in this respect, of the statutes may well admit a difference of construction, and we are inclined to sustain the affidavit in question, as being sufficient.

· That a defendant resides or has gone out of the State, is a fact which can not be expected, in most cases, to be known by one about to commence a suit, except on the information of others. And where the fact is not to be supposed to rest in personal knowledge, but to depend upon the information of another, there would seem to be no essential difference in

swearing to the fact in terms of absolute assertion, or upon information and belief. Perjury may be assigned on an affidavit that one is informed and believes as to a fact, as well as where he swears positively to the truth of the fact. In neither case would mere disproof of the fact, as, that the defendant did not reside or had not gone out of the State, be sufficient to make a case of perjury unless the oath was willful and corrupt. *Kerr* v. *Phillips*, 2 South Carolina Law Rep. Richardson, 197.

It is assigned as error that there was no summons issued in the court below against Alexander Rowand, one of the defendants to the petition, and one of the children of Edward Rowand, deceased.

But Alexander Rowand does not join in the prosecution of this writ of error, and as has frequently been held by this court, these plaintiffs in error can not assign as error such proceedings of the court below as affect him only. *Tibbs* v. *Allen*, 27 Ill. 125; *Cromine* v. *Tharp*, 42 id. 121; *Rhoads* v. *Rhoads*, 43 id. 239.

It is claimed that this case comes within the limitation of the rule admitted in *Greenman* v. *Harvey*, 53 Ill. 386, that it only applies where the rights of the plaintiffs in error are not affected by the error, and that here the market value of the entire estate was affected by not making Alexander Rowand a party. There was here actual service of the summons upon Alexander Rowand, and the court below found, in the decree, that he had due notice of the suit by service of process. The lands were, doubtless, sold and purchased under the supposition that Alexander Rowand was a party to the proceeding and bound by the order of sale; and it is not to be presumed that the interest of plaintiffs in error was prejudicially affected in the sale of the land on the account that the name of Alexander Rowand had not been included in the summons.

There were several tracts of land embraced in the petition, and the commissioners appointed to set off the dower of the widow assigned it to her in a body. This is assigned as error, the proceeding having been had before the passage of the act of 1865 authorizing the assignment of dower in a body.

There appears, copied by the clerk in the transcript of the record, what purports to be the will of Edward Rowand, deceased, but it is in no way made a part of the record, and we can take no notice of it as such. All the reference there is in the record to any will, is the mere statement in the petition, that the petitioners are administrators with the will annexed, of the estate of Edward Rowand. Plaintiffs in error, so far as appears by the record, being tenants in common, holding an undivided interest in all the lands, it is not perceived how they could have been prejudiced by such a mode of the assignment of dower; but it would appear rather to have been for their interest, in enabling the lands to be sold the more advantageously. We see no just ground for complaint in the way dower was assigned.

It is further complained, that the property was sold by the administrators *en masse.* The report of the administrators shows, that on the 10th day of October, 1864, they sold to Robert E. Barnett 80 acres for $2000; and to William Rowand and John Carroll, 40 acres for $1920; and also to William Rowand and John Carroll 1320 acres for the sum of $7060. The report also states that the administrators first offered the lands in separate tracts, and then offered the tracts lying together in one piece.

There was no motion to set aside this sale, or objection taken to it, in the court below. All that the record shows is the mere sale of 1320 acres for the price named.

There is nothing in the record going to show that the sale in that manner was in detriment of the interests of the parties—that the land did not bring a full price—or that any wrong or injustice resulted from the mode of the sale. We do not regard the record as properly presenting any question of error as arising from the alleged irregularity of the sale.

The judgment will be affirmed.

*Judgment affirmed.*