W. P. HABBERTON *et al.*

*v.*

S. L. HABBERTON.

*Filed at Mt. Vernon June 14, 1895.*

1. ATTORNEYS' FEES—*apportionment of, in partition—defective bill.* The right of a complainant in partition, under the statute, (Laws of 1889, p. 215,) to have his solicitor's fees apportioned among the parties, is not defeated by the fact that the original bill was defective, where the complainant's solicitor, in pursuance of notice given the defendants' attorney before he answers, files an amendment to the bill correctly stating the rights and interests of all the parties, and there was no contest as to shares.

2. DECREES—*construction of words as to lien of solicitor's fee.* Under a decree allowing a solicitor's fee in partition, which provides that the parties "pay the sum in accordance with their respective interests in the premises, * * * said sum to be a lien upon the lands in this decree," any party may discharge the lien from his lands by paying his proportion of the fee.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Wabash county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

MUNDY & ORGAN, for plaintiffs in error:

Under the statute of 1869, (Gross' Stat. p. 475, sec. 19,) the courts held that unless the partition was amicable, (the word amicable not being in the statute, but being the meaning as construed by the court,) the fee could not be apportioned. *Stenger* v. *Edwards,* 70 Ill. 631; *Kilgour* v. *Crawford,* 51 id. 249.

Whether it is necessary or not to file an answer is left by law to the defendants, and can make no difference in this case.   *Turner* v. *Rutledge*, 13 Ill. App. 454.

The fee is only to be taxed when the partition is amicable.   *Strawn* v. *Strawn*, 46 Ill. 412;  *Stunz* v. *Stunz*, 131 id. 210;  *Cowdry* v. *Hitchcock*, 103 id. 262.

CREIGHTON & KRAMER, for defendant in error:

Where the intention of the decree can be clearly ascertained from reading the whole decree together, it will be held to be sufficient.   *Sanborn* v. *Benedict*, 78 Ill. 309;  *Noyes* v. *McLaflin*, 62 id. 474;  *Nichols* v. *Mitchell*, 70 id. 263;  *Mason* v. *Patterson*, 74 id. 195;  *Hofferbert* v. *Klinkhardt*, 58 id. 450.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to the Appellate Court, to reverse a judgment of that court affirming a decree of the circuit court of Wabash county, allowing a solicitor's fee of $450 in favor of complainant's solicitor, William T. Bonham, in a proceeding for partition of lands, brought by Sarah L. Habberton against W. P. Habberton and others, in the circuit court of Wabash county.

In 1889 section 40 of the act of 1874, in regard to partition, was amended to read as follows:  "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including a reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition; in such case the party or parties making such substantial defense shall recover their costs against the complainant according to equity."   Laws of 1889, p. 215.

Under this statute it is apparent that the court is not authorized to apportion solicitor's fees among the parties

where the bill or petition fails properly to set out the rights and interests of all persons in the lands, or where some one of the defendants shall interpose a good and substantial defense, but, on the other hand, where the rights and interests of all the parties are properly set out in the bill or petition, and where no defendant shall interpose a good and substantial defense, then solicitor's fees may be apportioned against all the owners. The object of the statute seems to be to allow an apportionment of solicitor's fees against all persons in interest in such cases, and such only, where it is not necessary for the defendants, or any of them, to employ counsel to protect their interests in the lands. Here the bill, as originally filed, failed to set out correctly the rights and interests of the different owners of the lands, but this defect was obviated by an amendment of the bill. It is true, an answer was prepared and filed for the purpose of correcting the allegations of the bill in regard to the interest of the owners ; but as to the necessity of filing an answer, and the facts in regard to the amendment of the bill, etc., the court, from the evidence, made the following finding:

"That prior to the filing of the amended bill by complainant, attorney notified the attorneys for the defendants that he proposed amending his bill so as to correctly state therein interests, and that the filing of an answer by defendants was unnecessary, and that the first amended bill correctly states the interest of complainant in every respect and that of the defendants in every respect, except that it failed to recite the fact that a portion of said defendants were aliens, and thereby cut out from inheriting their share of said property; that complainant's attorneys had notified defendants' attorneys, some time prior to the filing of the answer, that the fact of a part of the defendants being aliens would be set up by him so soon as he could present the amendment to the court; that the amendment was brought into court by complainant's attorney, was recognized by the court for

the purpose of noting the filing of the amendment; the attorneys for the defendants had noted the filing of an answer, and that after the noting of the filing of the amendment the former answer was refiled, without modification to the amended bill; that there was no contest, at any time, between the complainant and respondents as to the shares to which they were entitled, nor was there, at any time, any contest between the defendants in relation thereto."

This finding of the court was, in the main, sustained by the evidence. It thus appears that there was no real contest between the complainant in the bill and the defendants in regard to the rights and interests of the different parties in the lands, and after the amendment of the bill no answer was required. From the facts, as they appear in the record, the case is one falling within the terms of the statute, which authorizes the court to apportion the costs and attorney's fees among the parties in interest.

It is also claimed that the decree is erroneous because the whole amount allowed is made a lien on all the lands, and does not permit the defendants to discharge their lands by the payment of their proportionate share. The portion of the decree bearing on this question reads as follows : "That the parties hereto pay the sum in accordance with their respective interests in the premises, as found by the decree of this court entered herein at the April term, 1893, said sum to be a lien upon the lands in this decree." The language used in the decree will not bear the construction counsel attempt to place upon it. The amount is made a lien on all the lands, but no one owner can be required to pay more than an equal proportion of the amount, in view of the amount of land he owns, and when he has paid that amount his part of the land will be free from the lien.

We think the judgment of the Appellate Court correct, and it will be affirmed.    *Judgment affirmed.*