COLUMBUS T. WALKER *et al.*

*v.*

HOWARD E. TINK *et al.*

*Filed at Springfield January 17, 1896.*

1. APPEALS AND ERRORS—*errors not affecting party complaining are harmless.* Appellants cannot assign errors which do not affect their rights in any way.

2. COSTS—*solicitor's fees in partition—when taxed as costs.* Under section 40 of the act on partition, as amended in 1889, (Laws of 1889, p. 215,) a fee to complainant's solicitor may be ordered paid out of the gross proceeds of the sale of premises, as part of the costs, when the rights and interests of the parties are correctly set forth in the bill and no good defense interposed.

APPEAL from the Circuit Court of Cass county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

J. N. GRIDLEY, for appellants.

R. W. MILLS, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The first, second and third assignments of error on this record are: First, the court erred in finding that Columbus T. Walker was not entitled to dower and homestead interests in the lands in controversy; second, the court erred in finding the said Walker was chargeable with the rents and profits during the time he occupied said premises; third, the court erred in dismissing the cross-bill of the appellants for want of equity.

This case was before this court at a former term, to which reference is made for the statement of facts. The opinion is reported as *Tink* v. *Walker*, 148 Ill. 234. The decree which had been entered was reversed and the cause remanded, whereupon an amendment to the cross-bill was made, additional evidence heard and the decree in this cause entered. This decree is in line with the above

opinion. Under the amendment and additional evidence there is no substantial change in this controversy arising on the first, second and third assignments of error from the questions passed on when the case was formerly before this court. We see no reason to change what we have said on those questions, and the above assignments of error are not well taken.

The fourth assignment of error is, that Petefish, Skiles & Mertz were entitled to an interest in said lands, and ordering their claim to be paid out of the interest of Howard and Emma Tink in the lands. Petefish, Skiles & Mertz held a note made by Edmund Tink and Ella Grace Tink, the father and mother of the minor appellees. By the decree it was ordered paid from the dower interest of Edmund Tink, and if that was insufficient, then from the interest of the minor appellees inherited from their mother, Ella Grace Tink. Appellees are the only persons who can complain of this decree in that respect, and no cross-errors are assigned. The rights of appellants are in no way affected, and hence they cannot assign error in that behalf. *Greenman* v. *Harvey,* 53 Ill. 386; *Willemin* v. *Dunn,* 93 id. 511; *Grand Tower, etc. Manf. Co.* v. *Cady,* 96 id. 430; *Ransom* v. *Henderson,* 114 id. 528; *Farnan* v. *Borders,* 119 id. 228.

The fifth assignment of error is, that the court erred in allowing a solicitor's fee of $500 in behalf of the solicitor of complainants in the original bill, and in directing that it be paid out of the gross proceeds of sale of the premises, as part of the costs. The statute provides for the allowance of a solicitor's fee, to be fixed and apportioned against the parties in interest, when the rights and interests of all are properly set forth in the petition or bill, unless the defendants, or one of them, shall interpose a good and substantial defense. In this case the rights and interests of the parties are correctly set forth in the bill, and no interposed defense can be sustained.

We must affirm this decree.　　　　　　　　*Decree affirmed.*