MARY F. DUNN *et al.*

*v.*

JESSE B. BERKSHIRE *et al.*

*Opinion filed October 24, 1898.*

1. STATUTE OF FRAUDS—*performance by promisee takes oral contract to convey out of the statute.* A parol promise by a father to convey land to his son will be regarded as based on a valuable consideration, and capable of enforcement in equity, notwithstanding the Statute of Frauds, where the son, relying on the promise, enters upon the land, makes valuable improvements, pays the taxes and insurance and exercises other acts of ownership.

2. APPEALS AND ERRORS—*when chancellor is presumed to have ignored incompetent testimony.* A decree will not be reversed for the alleged incompetency of a certain witness where the record shows sufficient competent evidence to sustain the decree, as it will be presumed that the chancellor considered only competent evidence.

3. PARTITION—*solicitor's fees—when not to be apportioned against defendant.* A defendant in partition should not be compelled to bear any portion of the complainants' solicitor's fee, where, although admitting their rights in part of the premises, he presents a substantial and meritorious defense as to the other part.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

This was a bill in equity, filed by plaintiffs in error, praying for the partition of certain lands lying in Champaign county, Illinois. The bill set forth that Elizabeth Berkshire died seized of an undivided one-half interest in certain lands about 1863, and that in February, 1896, Greenbury Berkshire, her husband, died testate seized in fee simple of the other one-half interest, and also of other lands, including the forty acres in controversy. The bill alleges further that Greenbury Berkshire left an instrument in writing purporting to be his last will and testament, but that at the time of its execution he was not of sound mind and memory, and prayed that it be set aside, and for division and partition of the premises. The ina-

bility of the testator to execute a will was admitted by all parties interested, and did not become a contested issue.

An answer was filed by the defendant, Jesse B. Berkshire, admitting the material allegations of the bill as to the death, heirship and rights and interests of the parties, but averring as to the south-east quarter of the south-west quarter of section 8, township 20, north, range 10, east of the third principal meridian, that Greenbury Berkshire, at the time of his death, had no interest whatever in said lands, but that the same belonged to him, the defendant. Thereafter he filed his cross-bill, which, as counsel for plaintiffs in error say, "contain the following averments, which constitute, with the answer thereto, the only controversy in this cause." These averments were, that at the time of his death Greenbury Berkshire had no interest in this land, but that it belonged to defendant in error, and that he obtained title thereto by paying for it with his own money; that in the year 1873 he was requested by his father to take possession of, cultivate, improve and purchase said forty acres; that he was then residing in the State of Missouri, and at the request of his father he came to Illinois and settled upon and took possession of this forty acres and paid his father the purchase price thereof, and continued in possession until the time of the filing of the answer and cross-bill; that the father, Greenbury Berkshire, told the defendant in error, his son, repeatedly, that the land belonged to the son and that he would make him a deed for it, but that defendant in error, being in no hurry for the delivery of the deed, allowed the matter to run along until his father unexpectedly and unfortunately became deranged, and his mental condition so much impaired as to render him incompetent to transact ordinary business, wherefore he could not deliver to defendant in error a deed for such land.

An answer was filed to this cross-bill, denying the material allegations of it and specially pleading the Statute of Frauds and the Statute of Limitations. Replications

being filed, the cause was referred to the master in chancery to take proof and report his conclusions of law and fact. The master's report found the rights and interests of all the parties as set forth in the amended original bill, and recommended partition and division of all the premises, including the forty acres claimed by Jesse B. Berkshire, and recommended also that the cross-bill be dismissed for want of equity. Objections were filed to this report by the defendant in error, he contending that the master should have found him to be the owner of the forty acres in question. These objections were overruled by the master, and were renewed by way of exceptions on a hearing of the cause. The circuit court sustained the exceptions, and overruled the report of the master in so far as it related to this forty acres, and found that defendant in error, Jesse B. Berkshire, was entitled to the relief prayed for in his cross-bill, and by decree ordered that the master in chancery execute a deed to him for this land, and directed that the remainder of the premises be partitioned among the parties as prayed for in the original bill. Commissioners were appointed to make partition and assign dower. Upon the coming in of the commissioners' report making partition, complainants' solicitors moved that their fees be assessed by the court and apportioned among the parties as a part of the costs of such proceeding, which motion was overruled by the court and a decree entered approving the report of the commissioners and confirming title. To reverse the finding and decree of the circuit court in so far as the same relates to the south-east quarter of the south-west quarter of said section 8, and to the overruling of the motion for the taxing of solicitor's fees, this cause is brought to this court by plaintiffs in error.

CUNNINGHAM & BOGGS, for plaintiffs in error:

The Statute of Frauds is a complete defense to a verbal contract for the sale of lands. Rev. Stat. sec. 2,

chap. 89; *McGinnis* v. *Fernandes*, 126 Ill. 228; *Cloud* v. *Greasley*, 125 id. 314.

By the Statute of Frauds all contracts for the transfer of title to lands must be in writing, and in order to take a case out of the statute upon the ground of part performance of a parol contract, it is indispensable that the contract must be established by competent proofs to be clear, definite and unequivocal in all its terms, and the acts done as part performance should be clear and definite, and referable exclusively to the contract. *Worth* v. *Worth*, 84 Ill. 442; *Clark* v. *Clark*, 122 id. 392; *Ferbrache* v. *Ferbrache*, 110 id. 210; *Bailey* v. *Edmunds*, 64 id. 127; *Wood* v. *Thornly*, 58 id. 464; *Wallace* v. *Rappleye*, 103 id. 231; Story's Eq. Jur. sec. 764.

On bill against the heirs of a deceased person to enforce an agreement claimed to have been made by the deceased in his lifetime with the complainant, the latter is not a competent witness in his own behalf. *Marshall* v. *Peck*, 91 id. 187; *Shaw* v. *Schoonover*, 130 id. 448; *Shovers* v. *Warrick*, 152 id. 355; *Wachter* v. *Blowney*, 104 id. 611; *Robbins* v. *Butler*, 24 id. 387.

A child of a deceased person claiming property under contract with the ancestor during his lifetime is an incompetent witness on bill filed by the other heirs to subject the property to distribution. *Way* v. *Harriman*, 126 Ill. 132.

Where complainant sues in partition to recover, as heir, the disputed title of his ancestor, defendant is an incompetent witness as to matters transpiring prior to the death of the ancestor. *Comer* v. *Comer*, 119 Ill. 170; *Wilson* v. *Wilson*, 158 id. 567.

The solicitor's fees of the plaintiffs in error should have been allowed by the court and taxed as costs, it having been admitted by the answer of defendants in error that the rights and interests of all parties were properly set forth as to the premises finally partitioned. Hurd's Stat. sec. 40, chap. 107; *Walker* v. *Tink*, 159 id. 323.

F. M. GREEN & SON, for defendants in error:

Where a controversy arises among parties who are conceded to be heirs of a deceased person, such heirs may testify in their own behalf, as such testimony does not impair the estate. *Laurence* v. *Laurence*, 164 Ill. 367.

. Where the record in a suit in chancery contains competent evidence sufficient to sustain the decree, it will be presumed the court, on the hearing, rejected any incompetent evidence which may have been admitted, and rendered the decree upon the evidence that was competent. So, although the court may have admitted incompetent evidence upon the hearing, there being no jury, that is no ground for reversal. *Jefferson* v. *Jefferson*, 96 Ill. 551.

A parol promise by a father to his son to convey to him a tract of land if the latter would take possession and improve it will be enforced in a court of equity if the promisee, relying upon it, has entered and expended money. It would be, substantially, in such event, a promise resting upon a valuable consideration. *Bright* v. *Bright*, 41 Ill. 97; *Kurtz* v. *Hibner*, 55 id. 514.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is urged, first, by plaintiffs in error, that the evidence does not sustain the cross-bill and the decree entered by the trial court. The evidence was of a voluminous and varied character. A full discussion of it would require much space and serve no better purpose than a brief statement of its substance.

Defendant in error, in the year 1873, resided in the State of Missouri, and in the fall of that year, at the request of his father, returned to Champaign county, Illinois, and took possession of the forty acres in question. At that time the improvements were meagre and the land not valuable. This land had been purchased from the Illinois Central Railroad Company about the year 1869, for $390, to be paid in annual installments. The payments

were completed in 1869 and a deed issued at that time.
The deed was executed to Greenbury Berkshire. It is
contended by defendant in error that he advanced much
of the money to his father to make these payments, with
the understanding the money should be repaid to him
or that he should have a deed for the land, and as cor-
roborative of these facts reference is made to a number
of receipts given by the railroad company for annual pay-
ments, from which a portion had been torn off, and it is
stated the part torn off contained the words, "Paid by
J. B. Berkshire." Whether or not defendant in error ad-
vanced to his father the whole or part of the money nec-
essary to purchase this land, with the understanding it
should be repaid to him or a deed executed to the son
for the land, is not necessarily material in this case.

It appears from uncontradicted evidence that after
the defendant in error had taken possession of the land,
buildings were constructed by him, additional land broken
from the sod, and other improvements of a valuable and
lasting character were made. Defendant in error paid
all the taxes each year on this land from about the year
1876 up to the time of the filing of this bill, except for the
year 1889, when they were paid by the father but out of
money belonging to the son. The premises were insured
by defendant in error and the insurance paid by him. The
improvements made by him on the land he also paid
for. A large number of witnesses were called, who tes-
tified as to assertions and declarations made by Green-
bury Berkshire, in his lifetime, regarding the title of this
land. Some fourteen witnesses, mostly neighbors and ac-
quaintances, testified, in substance, that the father had
on frequent occasions stated the forty acres belonged to
defendant in error, and also to the fact that the father,
during the period of time since 1873, had exercised no
acts of ownership over the land. On different occasions
he refused to have anything to do towards the making
of payments for improvements on the land, stating it be-

longed to defendant in error. At one time the father thought of removing from that section of the country and attempted to dispose of his farm. To those to whom he tried to sell he made no mention of this forty acres.

The testimony of all the witnesses, together with other facts and circumstances, indicates, without doubt, the existence of a contract between the father and the son showing defendant in error to have certain rights in this land. The conclusion from all the testimony could be only that arrived at by the trial court, viz., that the father had promised to convey this land to the son, who, acting upon that promise, was in possession of the land and had made the improvements under such contract.

It is contended by plaintiffs in error that the rights, if any, of the defendant in error would be barred by the Statute of Frauds, there being no memorandum in writing showing or tending to show the contract. It is true, the Statute of Frauds is a defense to a verbal contract for the sale or conveyance of lands; but where there has been a performance or part performance of a contract between the parties equity will enforce it, and the Statute of Frauds will not be a bar. (*Morrison* v. *Herrick*, 130 Ill. 631; *Bright* v. *Bright*, 41 id. 97; *Shovers* v. *Warrick*, 152 id. 355.) Where the owner of land makes a parol promise to a child to convey to it such land, and, relying on such promise, the child takes possession of the land and makes valuable improvements, the promise will be held to have been based upon a valuable consideration and a specific performance may be decreed. There is no important distinction between a promise of this character with part performance, and a sale absolutely. Where the possession is so taken by the child and the improvements made under the agreement or contract, it is sufficient to take the case out of the operation of the Statute of Frauds. *Bright* v. *Bright*, *supra; Kurtz* v. *Hibner*, 55 Ill. 514.

Defendant in error, Jesse B. Berkshire, also relies upon his right to the land in question by virtue of the continu-

ous, uninterrupted and adverse possession thereof for the period of twenty years under claim of title. Under our view of this case it is unnecessary to discuss that question, or his rights, if any, thereunder. The evidence produced in support of the cross-bill was sufficient on which to base a decree of specific performance under a parol contract where there had been a part performance of such contract, and it is therefore immaterial whether or not the Statute of Limitations would bar complainants' action.

It is assigned as error, and insisted and argued by plaintiffs in error, that defendant in error, Jesse B. Berkshire, was not a competent witness, and it was error in the trial court to admit his evidence. It is unnecessary, also, to discuss this question. The cause was heard before the chancellor, and it is presumed he considered only competent evidence in rendering the decree. The record shows there was sufficient competent evidence upon which to base the decree, irrespective of the testimony of defendant in error, and in such a case, if any error, it was a harmless one.

It is also insisted the chancellor erred in refusing the motion of plaintiffs in error to assess a fee for complainants' solicitor. The bill for partition, as filed, sought the partition of two hundred acres of land, including the forty acres in question. It is true, one hundred and sixty acres of this was partitioned without question, but the inclusion of this forty acres made it necessary for the defendant to present his defense. Where a defense in a proceeding for partition is substantial and not frivolous, it was not the intention of the legislature that the defendant should be compelled to bear the burden of any portion of the opposite party's solicitor's fees. In this case the defense interposed by Jesse B. Berkshire was not only substantial, but meritorious, and resulted in the decree complained of by plaintiffs in error. In such a case solicitor's fees are not proper to be allowed to the complainant's solicitors.

*Habberton* v. *Habberton*, 156 Ill. 444; *Walker* v. *Tink*, 159 id. 323; *Metheny* v. *Bohn*, 164 id. 495.

Perceiving no error in this record the decree of the circuit court is affirmed.

*Decree affirmed.*