## George R. Loveland et al. v. Clarence L. Loveland et al.

1. SOLICITOR'S FEES—*In Partition Suits, Where a Substantial Defense is Interposed as to a Part of the Property.*—A solicitor's fee for the complainant, in a partition suit, will not be apportioned among the defendants in interest, if a substantial defense is interposed as to a part of the property sought to be partitioned.

**Bill for Partition.**—Appeal from the Circuit Court of Stephenson County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

PATTISON & MITCHELL and MORRISON & TIFFANY, attorneys for appellants.

J. H. STEARNS and O. R. ZIPF, attorneys for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is an appeal by complainants in a partition suit from an order refusing to allow them a solicitor's fee to be apportioned among the parties in interest. The bill was filed by George R. Loveland and his wife against his brother, Clarence L. Loveland (since deceased), and his wife, Charlotte, for the partition of a farm and of a home place in Freeport, of each of which premises it was averred George and Clarence each owned an equal undivided one-half by descent from their parents. To this extent the allegations of the bill were admitted by the answer and sustained by the decree. But the bill further sets up a mortgage for $2,000 given by their father upon the Freeport home, and avers that the money secured by said mortgage was borrowed for the sole use and benefit of Clarence, and that

said money never came to the hands of the father, but was paid to Clarence, and that Clarence received all the use and benefit thereof, and that this mortgage and accrued interest thereon should stand against the individual interest of Clarence in said Freeport home, and in case of sale, the amount owing upon said mortgage debt should be charged against and deducted from Clarence's distributive share of said property. These allegations were fully denied by the answer, and the contention was determined against complainants by the decree. The bill further charged that Clarence had enjoyed the use, possession, rents and profits of both tracts since the death of their father, and that said rents and profits amounted to over $900 on each tract, for one-half of which he should account to his brother George, the complainant. This was denied by the answer, except as to $200 or $300 of rents for the farm. The rents were afterward adjusted between the parties on the basis of $150 to be deducted from defendant's share and paid to complainant George R. Loveland.

The statute allows a solicitor's fee to be apportioned among the parties in interest in a partition suit when the rights and interests of all the parties in interest are properly set forth in the bill of complaint, unless a good and substantial defense is interposed. The rights and interests so to be stated in the bill include the interests of every person who, upon any contingency, may be entitled to any beneficiary interest in the premises. (Metheny v. Bohn, 164 Ill. 495.) Any substantial defense as to a part of the property deprives complainant of the right to have the fee of the solicitor apportioned. (Dunn v. Berkshire, 175 Ill. 243.) A mortgage is an interest in real estate. Complainant's allegation was that he owned an undivided one-half of both tracts, free from a mortgage for $2,000 resting upon one of said tracts, and that his brother owned the other undivided one-half subject to said mortgage. If the Freeport home had been worth $4,000 and the principal only of the mortgage had been unpaid, the claim of the bill was that complainant was entitled to $2,000 from said premises

and that his brother had no substantial interest therein, as it would all be required to discharge the mortgage. The answer denied this and claimed the mortgage rested equally upon the interest of each heir. Obviously defendant could not leave his rights to be represented by complainant's solicitor. This was not an amicable suit, but was litigated. The decree established that the bill did not correctly state the interests of the parties. Regardless of the effect of the accounting as to the rents, the court below properly refused to apportion the solicitor's fee. The decree is affirmed.