## Mary A. McMullen et al. v. Frank P. Reynolds.

1.  STATUTES—*Section 40, Chapter 106, R. S., Construed.*—Section 40, chapter 106, R. S., should be construed as meaning that a defense, valid and substantial in character, made in good faith and on reasonable grounds, should exempt a defendant from paying a solicitor of his adversary, not for services rendered to him, but for a hostile attack upon what he in good faith believes to be his substantial right.

2.  SOLICITORS' FEES—*In Partition Proceeding—Defense Required to Prevent the Apportionment of Costs.*—With reference to making allowance for solicitors' fees in a partition proceeding, the substantial defense required to prevent the apportionment of costs, including attorneys fees, must, first, be made in good faith, though not necessarily successful; second, must be substantial; third, must not be made where it is unnecessary for defendants or any of them to employ counsel to protect their interests in the land sought to be partitioned.

3.  SAME—*What the Court May Take into Consideration in Determining.*—In determining the amount of solicitors' fees, the court should take into consideration the personal skill and standing of the lawyer, his experience, the nature of the controversy both in regard to the amount involved and the character and nature of the questions raised in the case, as well as the result.

4.  SAME—*Decree May be Entered in Favor of the Solicitor Not a Party to the Suit.*—It is entirely regular and proper to enter a decree for solicitors' fees in favor of a solicitor who is not a party to the suit.

**Bill for Partition.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed January 16, 1903.

YOUNG, MAKEEL, BRADLEY & FRANK, attorneys for appellants.

WILLIAM SLACK, attorney for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This was a suit for the partition of real estate and the only contest was over that part of the decree apportioning solicitors' fees. The statute provides that in all such cases " when the rights and interests of all the parties in interest are properly set forth in the petition, the court shall apportion the costs, including the reasonable solicitors' fees, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants or some one of them shall interpose a good and substantial defense to said petition." Section 40, chapter 106 of the Revised Statutes.

In Metheny v. Bohn, 164 Ill. 495, the court say :

" By the statute, the court is directed to apportion the fees when the rights and interests of all the parties in interest are properly set forth, unless some defendant shall interpose a good and substantial defense to the bill and petition. To such a bill no defense can be successful; and to say that defendant should pay complainant's solicitor unless he succeeded in an impossible defense, would be absurd."

The court held that the statute should be construed as meaning that a defense, valid and substantial in character, made in good faith and on reasonable grounds, should exempt a defendant from paying a solicitor of his adversary, not for services rendered to him, but for a hostile attack upon what he in good faith believes to be his substantial right.

In Walker v. Tink, 159 Ill. 323, a solicitor's fee was allowed, but no good or substantial defense was even alleged. In Hartwell v. DeVault, 159 Ill. 325, the names and interests of all the parties were not stated in the original bill, and the proceeding was hotly contested with the result that the court refused an allowance of a solicitor's fee. To the same effect is Stunz v. Stunz, 131 Ill. 210. In Dunn v. Berkshire, 175 Ill. 243, it is said :

" Where defense in a proceeding for partition is substantial and not frivolous, it is not the intention of the legislature that the defendant should be compelled to bear any portion of opposite parties' solicitors' fees."

In that case, the defense interposed resulted in the decree complained of by the party filing the bill and in such a case solicitor's fees are not proper to be allowed to the complainant's solicitor. In Habberton v. Habberton, 156 Ill. 444, complainant failed in his original bill to set forth correctly the rights and interests of the different owners of the lands, but this defect was obviated by an amendment of the bill. An answer was prepared and filed for the purpose of correcting the original bill, but the court found that the complainant had prepared and would have made this amendment without such answer, and that the answer was therefore not necessary; that there was no contest between the complainant and the defendants as to the shares to which they were entitled, and upon this showing an allowance for attorney's fees was made. In Bliss v. Seeley, 191 Ill. 461, the defense was held to be good in the court below but bad in the Supreme Court; however, not formal, frivolous or vexatious, but a defense of a substantial character.

The law in this state, then, with reference to making allowance for solicitors' fees in a partition proceeding, is that the substantial defense required to prevent the apportionment of costs, including attorneys' fees, (1) must be made in good faith, though not necessarily successful; (2) must be substantial; (3) must not be made where it is unnecessary for defendants or any of them to employ counsel to protect their interests in the land sought to be partitioned.

In the case at bar, the complainant properly set forth in her bill the rights and interests of all the parties interested in the property sought to be partitioned. There were four defendant owners and fourteen tenants defendant. Against the tenants, orders of default were entered; the defendant owners, by counsel, filed their joint answer admitting that the rights and interests of all parties interested in the property were properly set forth in the bill; and that they and the complainant derived their title from a common source, as properly set forth in the bill; but denying that it was necessary for complainant to give history of title in her bill

McMullen v. Reynolds.

and further denying that complainant was entitled to the relief, or any part thereof, in said bill demanded. Issues were joined, the case referred to the master. Little or no evidence was there heard, but upon statements of counsel and the pleadings, the master reported that the rights and interests of the complainant and defendants in the property were as set forth in complainant's bill and as admitted by defendants' answer. The court approved said report.

The question is, was this answer, as tested by the requirements of the statute and the decisions of this state above referred to, necessary to protect their interests in the land, or was it filed in good faith and is it of a substantial character. It is suggested by counsel for appellant that upon an examination of the bill by defendants it became apparent therefrom that, while counsel for appellee had properly set forth the rights and interests of all parties, still that several irrelevant allegations were found therein with respect to the history of the title, the proof of which would entail an unnecessary expense upon the parties to the suit, and that therefore defendants were justified in employing, and did in good faith employ, counsel for defense. A further reason for employing counsel is stated to be that the names and places of residence of the heirs of Thomasine Thomas, who have no interest in the proceedings, are particularly specified, and that proper steps were not taken to make them parties.

From an inspection of the bill, we find that the rights and interests of all parties were properly set forth and we do not believe that the slightest apprehension reasonably could have been entertained, that the rights and interests of the defendants were not fully, fairly and properly therein set forth and protected. It is true the bill contains some unnecessary allegations, but they in no degree called in question the rights of the defendants, and if proof thereunder were introduced, could have at most but slightly increased the costs upon reference. Defendants' counsel claim that they represented defendants in negotiating with the parties and with the commissioners appointed by court

to partition the property. These services, if rendered by defendants or their counsel, were voluntary. There is no reason to believe that the commissioners sworn to do their duty would not have properly partitioned the property among the several owners, even if there had been no inter- ference with them on the part of the defendants or their counsel. In fact the partition of the premises in question was highly satisfactory to all parties interested. Even if counsel for appellant did succeed in reducing the expenses in taking the evidence by an amount which would have been incurred before the master in showing deraignment of title, this is not a reason why no allowance should be made for a solicitor's fee in this case, but might properly be taken into consideration by the chancellor in fixing the amount of such fee. It appears from the evidence that the amount, if anything, thus saved by solicitor for appellant would be a comparatively small sum, perhaps not to exceed $5 in favor of each owner.

It is next claimed that the amount of fees allowed was excessive. The commission appraised the property to be partitioned at the sum of $72,500. The property consisted of two pieces of land, one fifty acres, and the other a piece of improved city real estate. The proceedings were not complicated, continued only through a few months, and involved service of summons upon some non-resident own- ers, but there was no contest in the proceedings, except as to allowance of a solicitor's fee. The court costs, including the master's fee, are almost nominal. The court decreed an allowance, as the reasonable, usual and customary com- plainant's solicitor's fee, of $1,999.98. Several lawyers were called as witnesses on behalf of complainant and defend- ants. Their testimony was very conflicting and evidenced an extraordinary difference in their opinions as to the rea- sonable, usual and customary fees earned by complainant's solicitor, ranging from $250 to $5,000.

The court of his own motion called three distinguished members of the Chicago bar and submitted the case as here- inafter stated to them as to what was a reasonable, usual

and customary fee for complainant's solicitor, under the circumstances of the case. A statement of the case was made to these three lawyers by the court and supplementary statements by counsel for defendants, and these gentlemen after consideration of the case reported to the court that in their opinion $2,000 would be reasonable as a fee charged by reputable attorneys to do this class of work at this bar. The court committed no error in calling these men and taking their opinions as to what was a reasonable, usual and customary charge for the services of complainant's solicitor rendered in this case.

In determining the amount of solicitor's fees the court should take into consideration the personal skill and standing of the lawyer, his experience, the nature of the controversy, both in regard to the amount involved and the character and nature of the questions raised in the case, as well as the result. In view of the large amount of property involved in this proceeding, the responsibility of an attorney in conducting the same, the labor necessary to learn the conditions of the titles to the various pieces of property before filing the bill, the names and residences of the parties interested, the necessity of knowing the limits and the physical situation of the various pieces of property, the care requisite to exclude every blemish from the record of proceedings affecting the title to real estate, and in view of the amount of work testified to, as done by complainant's solicitor, we are of the opinion that the amount fixed by the chancellor is fairly based upon the evidence, excluding the report of Messrs. Shope, Moran and Hardy. However, we consider that the objection by counsel for defendants, after hearing such report, came too late, because defendants' counsel took part in making a statement and especially in presenting defendants' side of the case to the said three lawyers, and then, after concluding his statement and hearing the court request the said gentlemen to confer over the statement, he remained quiet and speculated upon the report that those gentlemen might make, and not until he had heard their report did he make the slightest objection to

the competency of their report.  However, the record does not show whether the court was influenced to any extent whatever by, or even took into consideration, the said report.

In the case for partition of Dunn v. Berkshire, *supra*, it is said, "It is unnecessary to discuss the question of the competency of this evidence; the cause was heard before the chancellor and it is presumed that he considered only competent evidence in rendering the decree." The record shows there was sufficient competent evidence upon which to base that portion of the decree in this case fixing the amount of the complainant's solicitor's fee.

Appellant offered to prove by the witness Kenny, certain negotiations prior to the filing of the bill, but the bill was subsequently filed and a satisfactory partition made. Complainant had good right to invoke the aid of the court for partition, if she so elected, and any negotiations not resulting satisfactorily were no bar to the beginning of the suit in partition, and proof thereof, under the circumstances of this case, would have been entirely immaterial.

It is further insisted that it was error to enter a decree for solicitor's fees in favor of the solicitor, he not being a party to the suit.  We think the order was entirely regular and proper.  The decree orders that amount be apportioned as follows :

"Complainant to pay Frank P. Reynolds, complainant's solicitor, $333.32 thereof; that the defendant, Mary A. McMullen, pay to said Frank P. Reynolds, solicitor as aforesaid, one-sixth part of said nineteenth part of said $1,999.98, namely, $333.33; and the said last mentioned amount so ordered to be paid is hereby made a lien upon the interests of said Mary McMullen in the premises so set apart for her; that payment be made within ten days from and after the date of entering this decree, and that in default of payment as aforesaid, execution issue in favor of said Reynolds and against said Mary A. McMullen for said last mentioned sum of money."

The decree made a like provision for lien and payment of the same amount by each one of the defendants.  In Habberton v. Habberton, *supra*, a similar decree was

approved by the Supreme Court. It was there directed
that the parties to that suit, complainant and defendants,
pay the solicitor's fee " in accordance with their respective
interests in the premises, as found by the decree of this
court * * * but said sum to be a lien upon the lands
in this decree." In that case, it was held that no one owner
could be required to pay more than an equal proportion of
the amount in view of the land he had, and when he had
paid that amount, his part of the land was held to be
free from the lien. The decree entered in the case at bar
assesses his fee as costs in favor of complainant's solic-
itor. The statute provides " that the court shall apportion
the costs, including the reasonable solicitor's fee, so that each
party shall pay his equitable portion thereof." The term
" each party " as used in the statute applies to the complain-
ant as much as to the defendants. It would be absurd to
order the complainant to pay himself his portion of the
solicitor's fee. The provision in the statute is made for the
benefit and should be in favor of the solicitor. Counsel
have referred to a line of cases involving the cons ru ·*·on
of the statute in relation to solicitor's fees in divorce pro-
ceedings, but the statutes and the principles controlling the
allowance of solicitors' fees in the two proceedings for
partition of real estate and for divorce are entirely different.
In divorce proceedings, the husband is required to pay his
wife her reasonable solicitor's fees, in order that she may
thereafter be entirely independent and free to decide
whether she will use the amount of money thus awarded her
as her reasonable solicitor's fees with which to defend her-
self, or will make default therein; but the theory of the
statute providing that the court shall apportion a reasonable
solicitor's fee is not that the fee is to be paid to the com-
plainant for his exclusive benefit, but for the exclusive
benefit of the solicitor, who renders valuable service to
all parties in the proceeding. In this case, no direction
that a master in chancery execute the decree or col-
lect the costs, including the solicitor's fee payable to
complainant's solicitor, Frank P. Reynolds, is made, but

paragraph fifty-seven of the chancery act provides that in such case, the decree may be carried into effect by execution, which, when issued, shall have the same operation and force as similar writs issued upon a judgment at law. In Lilly v. Shaw, 59 Ill. 72, the court found that in a contested case a solicitor's fee had been improperly allowed, and further remarked that the form of the order did not follow statute. But in preparing the order in this case, the statute, as above shown, was strictly followed. We are therefore of the opinion that the form of the decree whereby the court apportioned the costs, including the reasonable solicitor's fee, among the parties in interest in the suit so that each party should pay his or her equitable portion thereof, complied in every respect with the requirements of the statute.

The decree of the Circuit Court is affirmed.