## HARRIET C. ROBERTS *et al.*

*v.*

## HELEN M. BECKWITH.

1. PARTITION—*rents and profits may be made a lien on real estate of those receiving them.* On a petition for partition of real estate, where two defendants, who are husband and wife, in their answer, state that they, by inheritance and purchase, are seized of all the land, except one-fifth claimed by the petitioner, and admit that they have been in possession of the whole premises, and claim that they have paid the petitioner all the rent due her, it is proper to render a joint decree against them for whatever rent may be found due the petitioner, and to make it a lien on the interest of the wife as well as upon that of the husband.

2. SAME—*homestead right preserved.* In such case, if the property on which the decree is made a lien, be the homestead of the defendants, their homestead would be saved to them, in case the land should be taken on execution under the decree, by being set off to them by the officer, in the same manner as by the sheriff in case of execution at law.

3. SAME—*permanent improvements should be set off against rents and profits.* Where a decree of partition is rendered, and a portion of the tenants in common are charged with rents and profits, they should be allowed for such lasting and valuable improvements as they may have made on the premises.

4. PLEADING AND EVIDENCE. Where permanent improvements are, in a proceeding for partition, considered and treated by both sides, in their testimony, as to be allowed for, the defendants would have the right to consider the permanent improvements as in issue, whether any claim therefor is set up in the answer or not, and they should be taken into consideration in rendering a decree.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. MUNN & MUNN, for the appellants.

Messrs. BARBER & LOGAN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition for partition of certain real estate, and an account for rents and profits.

There was a decree for partition and for $390 rents and profits for the portion allotted to plaintiff's one-fifth part— 26 acres for five years, at the rate of $78 per annum. Defendants appealed.

It is insisted that the court erred in rendering a decree against Harriet C. Roberts, and making it a lien on her real estate. The defendants, Alexander Roberts and Harriet C. Roberts, were husband and wife. The petition alleged that the defendants owned a four-fifth share in the real estate, and that they were, and had been for three years past, in the exclusive possession of, and had cultivated and enjoyed all the rents, issues and profits of all said real estate, and had not accounted to petitioner for her one-fifth share of the rents and profits, or any part thereof.

The answer, joint and several of the defendants, admits that they, by inheritance and purchase, became seized in fee of the whole of said real estate, except one-fifth interest claimed by the petitioner; that they had been in possession of the premises named as described in the petition, and aver that they have paid the petitioner the full amount of the rent her due. This answer is an entirely sufficient warrant for the joint form of the decree, and making it a lien on the real estate of Harriet C. Roberts.

It is objected that the decree is made a lien on the homestead of the defendants. If so, there has been no adjudication against any homestead right, and should there come to be a taking of the land on execution under the decree, the homestead could be saved to the defendants by being set off by the officer, in the same manner as by the sheriff in case of execution at law.

It is complained that the decree was for the full amount of rent due, without making any deduction for permanent improvements.

In this respect, it appears to us there was a plain injustice done the defendants. The decree seems to allow about the average of the annual rental value of farming lands, as testi-

fied to by complainant's witnesses, viz: $3 per acre. All the witnesses concur that, when defendants took the land, it had been long in cultivation, was much worn, and the fences out of repair. Defendants' testimony showed that many hundred dollars were expended in making necessary improvements upon the land, and that, even during the last year, there had been hundreds of dollars expended in permanent improvements. The decree strikes us as palpably erroneous in the allowance of the amount of rent due.

It is said the answer sets up no claim for permanent improvements, but alleges merely the payment of all rent due; but the permanent improvements were considered and treated by both sides, in their testimony, as to be allowed for, as well as by the decree, it finding the amount of rent allowed to be over and above all lasting and valuable improvements. After all this, defendants were entitled to consider the permanent improvements as a proper subject of consideration.

The decree will be reversed, and the cause remanded for further proceedings.

*Decree reversed.*