EDMUND TINK et al.

*v.*

C. T. WALKER.

*Filed at Springfield November 28, 1893.*

1. DOWER—*in equitable estate—statute construed.* In order to subject lands to dower under section 1 of chapter 41, relating to dower, the owner of the equitable estate must be in a position, at the time of his or her death, to enforce a conveyance of the legal title, or the contract of purchase must be such that the title can be completed after his or her death.

2. A bill by the surviving husband for dower and homestead in the lands of a deceased wife alleged that the holder of the title made a deed of conveyance to the wife, which was never delivered, and agreed

with the complainant that if he would erect buildings on the land, and make other necessary improvements thereon, he would loan complainant the money required for such improvements and deliver such deed, and that complainant made the proposed improvements, and occupied the premises with his wife up to her death, as their homestead : *Held,* that the allegations of the bill failed to show any equitable title in the wife capable of being specifically enforced, and that the complainant was not entitled to dower or a homestead in the premises.

3. SPECIFIC PERFORMANCE—*of the contract, and proof required.* It is necessary to authorize a specific performance that the contract shall be certain, clear and unambiguous in its terms and in all its parts. When it is vague and uncertain, or the evidence to establish it is insufficient, equity will not enforce it. It must be mutually binding upon the parties, and based on a valuable consideration.

4. A father allowed his daughter and her husband to occupy and use a farm. The latter made improvements thereon for his own use, under a promise of the father to the husband to convey the land to the wife if he would make such improvements with money loaned to him by the father. It was *held,* that there was no contract for the conveyance of the land that a court of equity would specifically enforce.

APPEAL from the Circuit Court of Cass county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. R. M. MILLS, for the appellants :

As to what constitutes an equitable estate in land, within the meaning of the Dower law, see *Porter* v. *Ewing,* 24 Ill. 617; *Woolley* v. *Magie,* 26 id. 526; *Owen* v. *Robbins,* 19 id. 545; *Stow* v. *Steel,* 45 id. 328; *Nicoll* v. *Ogden,* 29 id. 323; *Nicoll* v. *Todd,* 70 id. 295; *Taylor* v. *Kearn,* 68 id. 339; 5 Am. and Eng. Ency. of Law, 896.

Unless the proof in this case establishes a "clear, definite and unequivocal" contract on the part of Angier to convey this land to his daughter, with all its terms and conditions, it falls short of showing such a contract as would have entitled Mrs. Walker, in her lifetime, to compel a specific performance of it. *Hartwell* v. *Black,* 48 Ill. 301; *Padfield* v. *Padfield,* 92 id. 198; *Allen* v. *Webb,* 64 id. 342; *Gosse* v. *Jones,* 73 id. 508; *Worth* v. *Worth,* 84 id. 442; *Wallace* v. *Rappleye,* 103 id. 229; *Woods* v. *Evans,* 113 id. 186; *Shaw* v. *Schoonover,* 130 id. 448.

Mr. J. N. GRIDLEY, for the appellee, reviewed the cases cited by appellants, and commented on the evidence.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a bill in chancery, by appellants, against appellee and others, for partition. The bill alleges that in April, 1890, Addison G. Angier died seized of the lands described, which he disposed of by his last will and testament, as follows:

"*Item second*—I give, devise and bequeath to my daughter, Emma J. Walker, wife of Columbus Walker, and to her bodily heirs, the following described real estate, situated in Cass county, State of Illinois, to-wit, * * * being the same farm on which the said Emma J. Walker and her husband now reside: *Provided, however,* and it is my will, that in case any of said bodily heirs of the said Emma J. Walker shall die leaving no children, then and in such case the share and interest of such bodily heir so deceased, in said above described land, shall go to and become the property of such of the bodily heirs of the said Emma J. Walker as shall survive such deceased bodily heirs, share and share alike, and in case of the death of all the said bodily heirs, leaving no child or children or descendants of such child or children, then, after the death of my daughter, Emma J. Walker, said land above described shall go to and become the property of my remaining children, (naming them,) as tenants in common, to each an undivided one-fifth part, and to their heirs and assigns forever, respectively."

It is then averred that prior to the death of the testator, on March 16, 1889, Emma J. Walker died, leaving as her only bodily heirs, Ella Grace Tink and six other children, who are named; that since the death of the testator, Ella Grace Tink died intestate, leaving the complainants, Edmund Tink, her husband, and Howard E. and Emma M. Tink, her children; that each of said bodily heirs of Emma J. Walker is entitled

to one undivided one-seventh, and the complainants Howard E. and Emma M. Tink each to the undivided one-fourteenth, of said real estate, the latter interests being subject to dower in Edmund Tink; that the defendant, Columbus Walker, surviving husband of Emma J. Walker, is in possession of the land, but only as tenant.

Appellee answered, and filed a cross-bill, setting up ownership in himself to the premises. The cause proceeded to a hearing, and after the evidence was all in he obtained leave to file an amended answer and cross-bill, to conform to the defense made by his proofs. A decree was then entered ordering partition as prayed in the original bill, but subject to dower and homestead in appellee. Commissioners were duly appointed, and directed to set off and assign such dower and homestead, to assign dower to Edmund Tink, and to make partition. They reported that they were unable to assign either dower or homestead or to make partition. To that report exceptions were filed and overruled, and a decree of sale, subject to dower and homestead, entered. From that decree complainants in the original bill prosecute this appeal.

The principal objection urged to the decree is, that it allows appellee dower and homestead in the lands sought to be partitioned. It is not denied by him that the legal title was in Addison G. Angier at the time of his death, nor that he attempted to dispose of the same by his will, as set forth in the original bill. Neither does he deny that if the title passed by the will, it vested in the bodily heirs of Emma J. Walker upon the death of the testator, she having died prior to that time. It is claimed, however, on his behalf, that by reason of the facts alleged in his cross-bill, Emma J. Walker died seized of the equitable title to the lands, which descended to her children, subject to his dower and homestead rights, and the validity of the decree below depends entirely upon the soundness of that position.

The equitable title of the wife, Emma J. Walker, is based upon the following alleged contract set up in the amended answer and cross-bill of appellee, after the testimony had been heard, to-wit: "That the said Addison G. Angier, in May, 1887, executed and acknowledged a deed purporting to convey to the said Emma J. Walker the said one hundred acres of land by covenants of warranty, and that afterwards, to-wit, in the said year, he, the said Angier, agreed with complainant, that if he, the complainant, would erect buildings on the lands, and other necessary improvements, he, the said Angier, would furnish to complainant what money he needed to erect said buildings, and complainant could pay him, said Angier, interest on the said sum,—to all of which complainant agreed, —and would deliver to Emma Walker said deed; that in pursuance of said agreement, complainant, within one year, erected said buildings and improvements and entered into possession of said lands, and has ever since remained in possession thereof with his family, to this day; that the said Angier failed to deliver said deed as he had agreed to do, and, in fact, never did deliver the same, but said deed was found among his papers after his death, with the signatures to said deed torn off; that said Emma J. Walker, in 1889, died seized of the equitable title to said lands, which descended to her said children, subject to the dower and homestead rights of your complainant in said property, and that said complainant is now entitled to an estate of dower and homestead in the said one hundred acres of land."

Section 1 of chapter 41 of our statute entitled "Dower," (1 Starr & Curtis, 896,) provides that "equitable estates shall be subject to such dower, and all real estate, of every description, contracted for by the deceased husband or wife in his or her lifetime, the title of which may be completed after his or her decease." It is firmly established by the decisions of this court, that in order to subject lands to dower under this statute the owner of the equitable estate must have been in a posi-

tion, at the time of his or her death, to enforce a conveyance
of the legal title, or the contract of purchase must have been
such that the title could be completed after his or her death.
No right to complete the title is claimed here, and therefore,
unless Mrs. Walker was in a position to demand a deed from
the holder of the legal title to the lands in question without
doing anything more on her part, she had not such an equi-
table estate in the premises as would entitle her husband to
dower. *Porter* v. *Ewing,* 24 Ill. 617, citing *Owen* v. *Robbins,*
19 id. 545. Many other decisions to the same effect might
be cited.

It is equally clear that appellee can not maintain his claim
to an estate of homestead, unless he has succeeded in showing
that his deceased wife was seized of that estate at the time of
her death. His right is only a continuation of hers, which
can have no separate existence from the title. (*Browning
et al.* v. *Harris et al.* 99 Ill. 456.) In fact, it is not claimed
that his right to either dower or homestead can be sustained
upon any other theory than that under the so-called contract
between the wife and her father, she was, at·her death, the
equitable owner of the premises in fee. The case may there-
fore be made to turn upon the question, was there such an
agreement between Mrs. Walker and her father for the con-
veyance of this land as she could have enforced by bill for
specific performance. In the first place, no such an agree-
ment is shown by the pleadings. The contract set up in the
answer and cross-bill is an agreement with appellee rather
than with his wife. There is no allegation of an agreement
on her part to do anything. It would scarcely be seriously
contended that Emma J. Walker could, upon the allegations
here made, have compelled her father to convey the land to
her, however clear and positive might have been her proof of
every fact alleged. The rule is, the contract must be certain,
clear and unambiguous in its terms and in all its parts.
(*Woods* v. *Evans,* 113 Ill. 186; *Long* v. *Long,* 118 id. 638.)

When it is vague and uncertain, or the evidence to establish it is insufficient, equity will not enforce it. It must be mutually binding upon the parties, and based on a valuable consideration. That no such contract is here alleged is too apparent to be the subject of controversy.

There is also an absence of proof in this record of any contract whatever between Emma J. Walker and her father for the conveyance of this land. True, he at one time intended to make such a conveyance, and made a deed for that purpose; but the proof is positive that he afterwards abandoned that intention, destroying or mutilating the deed, and disposed of the property by will. The will was executed during the lifetime of Mrs. Walker, and by it, using the most explicit language, he expressed the intention that she should have but a life estate. Nor does the proof even tend to show that the daughter expected, at the time of her death, anything more. All that can be said, from either the allegations or proofs in the case, is, that appellee removed his family upon the land and placed improvements thereon, expecting, because of a promise made, not to his wife, but to himself, that the land would be given to his wife in such a way as to secure him a home while he lived. It may be an act of ingratitude on the part of appellants to deprive him of that expectation, but there is no proof before us of a contract upon which it can be enforced.

The decree of the circuit court allowing appellee dower and homestead, and ordering the property sold subject thereto, is erroneous, and for that error it will be reversed and the cause remanded, with directions to proceed in conformity with the views here expressed.

*Decree reversed.*