LEONNETTA C. METHENY et al.

v.

CHARLES D. BOHN.

*Filed at Ottawa January 19, 1897.*

1. ATTORNEYS AT LAW—*evidence to support allowance of fees should be preserved in the record.* An allowance of a solicitor's fee cannot be sustained where no evidence showing what services the solicitor performed, or the value thereof, is preserved in the record.

2. SAME—*fee allowed should be the customary fee, and not the reasonable worth of the particular service.* In fixing the amount of a reasonable solicitor's fee the inquiry should be, not what an attorney thinks is a reasonable fee for the services in the particular case, but what is the customary fee in such cases where the fee is the subject of contract between solicitor and client.

3. PARTITION—*section 40 of Partition act construed as to what is a proper statement of parties' interests.* The interests of the parties required to be set forth in the bill under section 40 of the Partition act, (Laws of 1889, p. 215,) include every interest, whether in fee, for years, life or in dower, of all parties who are entitled to the reversion, remainder or inheritance, or who may be or become entitled to any beneficial interest in the premises.

4. SAME—*section 40 of Partition act construed as to what is a substantial defense.* A defendant in Partition should be exempted from paying a part of his adversary's solicitor's fee, although the interests of the parties are properly set forth in the bill, where his defense is substantial in character, made in good faith and on reasonable grounds, and interposed to what he believes is a hostile attack on his interests, although such defense may prove unsuccessful. (*Walker* v. *Tink*, 159 Ill. 323, distinguished.)

WRIT OF ERROR to the Circuit Court of Carroll county; the Hon. JOHN C. GARVER, Judge, presiding.

J. A. CRAIN, for plaintiffs in error:

In a contested partition case complainant's solicitor's fee should not be taxed as part of the costs. *Constant* v. *Mattison*, 22 Ill. 560; *Strawn* v. *Strawn*, 46 id. 414; Laws of 1869, p. 363; *Kilgour* v. *Crawford*, 51 Ill. 253; *Lilly* v. *Shaw*, 59 id. 73; *Stenger* v. *Edwards*, 70 id. 633; Rev. Stat. 1874, chap. 106, sec. 40; *Cowdrey* v. *Hitchcock*, 103 Ill. 276; *Stunz* v. *Stunz*, 131 id. 220; 3 Starr & Cur. Stat. (2d ed.) p. 2927,

sec. 40; *Haberton* v. *Haberton,* 156 Ill. 446; *Hartwell* v. *De-Vault,* 159 id. 336; *Fidelity Ins. Co.'s Appeal,* 108 Pa. St. 339.

Where no evidence is preserved in the record showing what services the solicitor has rendered, or the value of such services, the decree must be reversed. *Goodwillie* v. *Millimann,* 56 Ill. 527; *Hamilton* v. *Stewart,* 59 id. 335; *Palmer* v. *Gardiner,* 77 id. 150; *Hughes* v. *Washington,* 65 id. 248; *Albright* v. *Smith,* 68 id. 183; *Spring* v. *Collector of Olney,* 78 id. 106.

W. H. A. RENNER, FRANK D. RAMSEY, and GEORGE L. HOFFMAN, for defendant in error:

When the rights and interests of all the parties are properly set forth, the court should apportion the costs, including a reasonable solicitor's fee, among all the parties, so that each shall pay his or her equitable portion thereof, unless the defendants, or some of them, shall interpose a good and substantial defense to said bill. Laws of 1889, sec. 40, p. 215; *Walker* v. *Tink,* 159 Ill. 323; *Haberton* v. *Haberton,* 156 id. 446.

What is a reasonable solicitor's fee for the services performed in the case where the inquiry arises is a question of fact. *Casler* v. *Byers,* 129 Ill. 670.

In taxing solicitor's fees the chancellor should exercise his own judgment, and not be wholly governed by the opinion of attorneys as to the services. *Goodwillie* v. *Millimann,* 56 Ill. 524.

If the solicitor's fee is not apportioned in the decree of sale, the officer making sale must hold the proceeds until the next term of court. Laws of 1889, sec. 29, p. 215.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee commenced this suit by filing his bill for the partition of certain lands in Carroll county, claiming an undivided half of the same as a son and heir-at-law of Samuel Bohn, deceased, subject to the dower of the

widow, Lucinda Bohn. He set forth that appellant
Leonnetta C. Metheny was an heir and entitled to the
other half, subject to dower, but that she claimed he was
not the child of said Samuel Bohn and had no interest
in the lands, and he therefore filed the bill to have that
controversy settled and his rights as a son and heir as-
certained and declared. The bill was answered and ap-
pellee's claim to be a son of Samuel Bohn was disputed.
Leonnetta C. Metheny claimed to be the only heir. There
was a hearing, and the court found in favor of appellee
and entered the decree for partition. That decree was
affirmed by this court. (*Metheny* v. *Bohn,* 160 Ill. 263.)
Commissioners had reported that the lands were not
susceptible of division and appraised their value. When
the cause was re-instated in the circuit court a decree
was entered confirming that report and ordering a sale
of the lands. By this decree appellee's solicitors were
allowed $5000 as their fees for services rendered to him
in the suit, and the special master was ordered, upon
making the sale, to pay the costs of the suit and sale
and then pay to the widow, Lucinda Bohn, who had con-
sented to have her dower sold, the estimated value of
such dower, after which he should pay said solicitors
their fee of $5000, and divide whatever should be left
equally between the guardian of appellee and appellant
Leonnetta C. Metheny.

The land described in the decree for sale is different
from that involved in the bill and decree for partition,
one point in the description being differently located with
respect to a fixed monument. The error is evidently
clerical, and if that were the only objection to the de-
cree it could be easily disposed of by a modification in
that particular.

The allowance of $5000 to complainant's solicitors for
their services in establishing his claim to an interest in
the lands is objected to for several reasons. No evidence
is preserved in the record showing what services the com-

164—32

plainant's solicitors rendered or the value of such services. The time for filing a certificate of evidence heard on the motion for the allowance was extended thirty days from the date of the decree, but the privilege allowed was not availed of, and no certificate was presented to the chancellor or signed or filed within that time. The rule that the evidence to sustain an allowance of this character must be preserved in the record has been repeatedly stated by this court. It was established as a rule in *Goodwillie* v. *Millimann*, 56 Ill. 523, where it was said (p. 527): "As a rule of practice, the evidence upon which such an allowance is made should be preserved in the record. Where such large sums are allowed and the rights of litigants are likely to be so materially affected they should not be deprived of having a decree reviewed in an appellate court." And this rule has prevailed whenever the question has arisen since that time, whether in suits for partition or on the dissolution of an injunction or otherwise. The language above quoted was repeated in *Albright* v. *Smith*, 68 Ill. 181; and in *Spring* v. *Collector of Olney*, 78 id. 101, it was again held, as follows (p. 107): "The evidence upon which the allowance was made was not preserved in the record, without which, as this court has frequently ruled, the decree cannot be supported." The rule and the duty of the court in which the allowance is made are stated in *Goodwillie* v. *Milliman, supra,* as follows (p. 528): "In taxing such fees the chancellor should exercise his own judgment, and not be wholly governed by the opinions of attorneys as to the value of their services. He has the requisite skill and knowledge to form some idea as to what is a fair and reasonable compensation, and he should exercise that judgment. He should, no doubt, consider the opinions of witnesses and evidence of the sum usually charged and paid for such services, but should not be wholly controlled by the opinions of attorneys as to their value." In *Reynolds* v. *McMillan*, 63 Ill. 46, the subject of inquiry in such cases was

stated as follows: "In fixing the amount of a reasonable fee, the examination should be directed to what is customary for such legal services where contracts have been made with persons competent to contract, and not what is reasonable, just and proper for the solicitor in the particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge." When the question is considered in an appellate court, although it is one about which the court is well qualified to form an opinion and upon which it will exercise an independent judgment, the evidence is necessary to a proper review of the allowance, for the purpose of showing what the ordinary and usual charges of solicitors for like services are in the court where the allowance was made, in cases where such fees are the subject of contract between solicitor and client. The allowance in this case being without any support in the record, cannot, under the well established rule, be sustained.

It would not be necessary to say more, but both parties have argued the question whether this is a proper case for the allowance of a solicitor's fee against the defendants, and as that question will arise again in the suit they both desire to have it decided. Section 40 of the act relating to the partition of real estate, as amended in 1889, provides: "In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition." (Laws of 1889, p. 215.) Prior to this amendment it was uniformly held, under statutes which authorized the court to apportion the costs, including reasonable solicitor's fees, among the parties to the proceeding, so that each party should pay his equi-

table portion thereof, that no allowance could be made
in a contested suit where the solicitor for complainant
conducted the proceeding against the interest of the de-
fendants, and they were required to employ counsel to
represent such interest.    It was considered equitable
that each should contribute to the fee of complainant's
solicitor only in cases where he represented all interests
in an amicable proceeding.    By the amended section the
apportionment is still to be such that each party shall
only pay his or her equitable portion of the fee.    The
widow, Lucinda Bohn, was one of the parties in interest
in the suit embraced within the language of the statute;
but it was doubtless thought it would not be equitable
for her to pay any part of the fee, as she was omitted
from the apportionment.  Leonnetta C. Metheny employed
her own solicitor, who defended her interests in the cir-
cuit court and this court, and $2500 was ordered taken
out of her share of the proceeds of the land to pay com-
plainant's solicitors.    The entire controversy was over
an undivided half of the land, and the share so involved
was worth, according to the appraisement of the com-
missioners approved by the court, $16,700, subject to the
dower interest of the widow.  By the decree the land was
to be sold if it brought two-thirds of that appraisement.
For recovering that share the $5000 was allowed.  To set-
tle the controversy which was litigated in this suit the
complainant might have resorted to an action of eject-
ment, where, of course, he could recover no attorney's
fee against his adversary.    The statute authorized the
court, under a bill for partition, to investigate and deter-
mine the question of conflicting or controverted titles,
and complainant chose to avail himself of that remedy.

The interests of the parties were properly set forth
in the bill, as was finally determined by the decree and
its affirmance in this court, and it is contended that in
such case the statute requires the court to apportion
the solicitor's fee among all the parties in interest in

the suit. If that were true, the statute was not obeyed in this case, since the widow was relieved from any contribution. But we cannot adopt such construction. The rights and interests of the parties to be stated in the bill include every interest,—whether in fee, for years, for life, in dower,—and of all persons entitled to the reversion, remainder or inheritance, or who, upon any contingency, may be or become entitled to any beneficiary interest in the premises. By the statute the court is directed to apportion the fees when such rights and interests are properly set forth, unless some defendant shall interpose a good and substantial defense to the bill or petition. To such a bill no defense could be successful, and to say that defendant should pay complainant's solicitor unless he succeeded in an impossible defense would be absurd. It is evident that the good and substantial defense which may be interposed, and which will prevent the allowance of the fee, is a defense of a good and substantial character. The legislature could not have intended the statute as an illogical absurdity, and we think it should be construed as meaning that a defense, valid and substantial in character, made in good faith and on reasonable ground, should exempt a defendant from paying a solicitor of his adversary, not for services rendered to him, but for a hostile attack upon what he in good faith believes to be his substantial right. If the bill states the rights and interests of the parties correctly, a defense which is merely formal, frivolous or vexatious, or which is not undertaken in good faith, would not be regarded as good or substantial. The defense in this case was of a good and substantial character and was not undertaken without reasonable grounds, although it was overcome by evidence on the part of complainant and proved unsuccessful. In such a case it would not be equitable for the defendant to pay a part of a solicitor's fee solely earned as his adversary.

The section of the statute in question was considered in *Hartwell* v. *DeVault*, 159 Ill. 325, and the same rule prevailing under the former statute was re-asserted. In that case the complainant in her original bill had not stated the names and interests of all parties, but had afterward amended her bill so as to state them. This omission was connected with the fact that the proceeding was hotly contested by the parties, and the latter fact was given as one of the reasons for refusing an allowance of a solicitor's fee.

Appellee relies upon the decision in *Walker* v. *Tink*, 159 Ill. 323, where it was said that the rights and interests of the parties were correctly set forth in the bill and no interposed defense could be sustained. In that case a solicitor's fee was allowed, but no good or substantial defense was even alleged, and there was an entire absence of proof tending to establish such a defense. That case was before this court on a prior appeal. (*Tink* v. *Walker*, 148 Ill. 234.) Columbus T. Walker had answered the bill for partition and filed a cross-bill, which he had afterwards amended, and it was held that his amended answer and cross-bill alleged no valid defense nor was there any proof tending to show one. The case went back to the circuit court, where the cross-bill was again amended, but when the case came up the second time there was nothing in the amendment or additional evidence which altered the situation or afforded a reason to change what was before said. There was nothing new except that appellants assigned some errors which did not concern them. That case does not conflict with what has been said above.

For the reasons given the decree will be reversed and the cause remanded.    *Reversed and remanded.*