## Olive Gilbert and Alelia Earl v. Ella Wielert, Araminta West, J. W. Gaffield et al.

1. PARTITION—*Solicitor's Fees, When Not Proper.*—Notwithstanding a bill for partition states the rights and interests of the parties correctly, if a defense is made of a substantial character, and undertaken with reasonable grounds, the complainant will not be entitled to have his solicitor's fees apportioned under the statute.

Partition.—Appeal from the Circuit Court of Iroquois County; the Hon. RICHARD W. HILSCHER, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 1, 1900.

C. W. RAYMOND, attorney for appellants.

No appearance for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill for the partition of some ninety-three acres of land in Iroquois county, filed by the appellants, Olive Gilbert and Alelia Earl. The bill averred that the premises in question were at the time of his death owned by Amos Gaffield, who died intestate October 16, 1898,

leaving no widow, children or descendants of children, father or mother, surviving him; that his only heirs at law were the descendants of a brother and two sisters, who died before the intestate; that appellants and William H., J. W., Frank and Alonzo Gaffield were each entitled to 5-90 of the premises; that Ella Wielert, Araminta, John E., Edwin and Oscar F. West were each entitled to 6-90 of the premises, and that Eliza (Wilson) Reynolds was entitled to 30-90 of the same. J. W. Gaffield, Ella Wielert and Araminta West answered the bill, denying that Eliza (Wilson) Reynolds was an heir at law of Amos Gaffield and entitled to an interest in the premises, but admitting all the other allegations of the bill. William H. Gaffield and Eliza Reynolds, who was known also as Lide Reynolds and Lide Wilson, made default. The other defendants were minors and answered by their guardian *ad litem*, praying that strict proof be made of the matters alleged in the bill. There was a spirited contest over the right of Eliza Reynolds to an interest in the premises, and quite an amount of evidence taken upon the subject. The suit resulted, however, in her favor, and a decree was entered for the partition of the premises among the parties entitled thereto, according to their interests as set forth in the bill. Commissioners were appointed to make partition, who reported that the land could not be divided, and a sale was thereupon ordered and the land sold for about $5,000. Afterward complainants entered a motion asking the court to fix their solicitors' fees and apportion the same among the parties to the suit. The court denied the motion and this appeal seeks a reversal of the decree of the Circuit Court upon that question.

Section 40 of the partition act, as amended in 1889, provides:

"In all proceedings for the partition of real estate, when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants or some one of them shall interpose a good and substantial defense to said bill or petition."

In passing upon this section the Supreme Court, in the case of Metheny v. Bohn, 164 Ill. 495, held, that notwithstanding the bill stated the rights and interests of the parties correctly, yet if a defense was made of a good and substantial character and undertaken with reasonable grounds, complainant would not be entitled to have his solicitor's fee apportioned, although the defense was overcome by evidence on the part of the complainant and proved unsuccessful. The defense in this case was of a good and substantial character and the right of the defendant, Eliza Reynolds, to an interest in the premises, was warmly contested. Notwithstanding the fact that the allegations of the bill were found to be true, yet under the authority of the case above quoted, we must hold that the order of the court below, denying the motion to tax and apportion solicitor's fees, was properly overruled, and the same will therefore be affirmed.