SOPHIA GEHRKE

*v.*

EMIL GEHRKE *et al.*

*Opinion filed April 18, 1901.*

1. COSTS—*statutes imposing costs must be strictly construed.* Statutes imposing costs are to be strictly construed, since they are penal in their character and are regarded as creating liabilities which did not exist at common law.

2. SAME—*section 40 of Partition act construed.* Section 40 of the Partition act, providing that in partition if the rights and interests of all the parties in interest are properly set forth in the petition or bill the court shall apportion the costs, including a reasonable solicitor's fee, among the parties in interest, etc., contemplates only original proceedings for partition.

3. SAME—*widow petitioning for dower should not pay cross-complainant's solicitor's fee on partition.* In case of an original proceeding for assignment of dower, begun by the widow, she should not be compelled to pay any portion of the solicitors' fees of the heirs, who obtain a partition of the property by the filing of a cross-bill in the proceeding for dower.

4. APPEALS AND ERRORS—*matters covered by master's report cannot be first questioned on appeal.* On accounting between the widow and the heirs, if the widow makes no objection to the master's charging her with a portion of the amount expended by the heirs for taxes and improvements, and takes no exception to the report in the trial court, she cannot complain on appeal.

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

This is a proceeding, begun on May 25, 1899, by Sophia Gehrke by the filing of an original petition, alleging that she was entitled to dower in the lands of her deceased husband, Conrad Gehrke; that said dower had never been assigned or set off to her; that she had never received any compensation or equivalent therefor, and praying for a decree that she recover dower in the premises described in the petition—some eight or nine distinct parcels of land in Chicago—to be assigned and set off in the

manner and according to the provisions of the statute; and also praying for general relief. The petition made defendants thereto the heirs of the deceased, Conrad Gehrke, and certain other parties having interests in the premises as tenants and mortgagees. The heirs filed their answers to the petition; and replications were filed to such answers.

The petition alleged that Conrad Gehrke died testate on October 2, 1898, leaving the petitioner, Sophia Gehrke, his widow, and Emil Gehrke and Robert C. Gehrke, his sons, and Matilda Lauterjung, wife of Robert Lauterjung, his daughter, as his only heirs-at-law. It describes in full the various pieces of real estate owned by the deceased, and alleges that on October 26, 1898, the will of the testator was admitted to probate by the probate court of Cook county, and that, thereafter, within one year after the death of the deceased, the petitioner duly renounced the provisions of the will made in her behalf, and thereby became entitled to dower.

Emil Gehrke, one of the heirs and a defendant to the petition for the assignment of dower, filed a cross-bill, setting up the interests of the three heirs above named in the property, and the dower and homestead interests of the widow therein; and also setting up the interest of certain mortgagees in the undivided one-third of the property owned by Emil Gehrke, the cross-complainant; and praying that the parts, belonging to the cross-complainant, and the others might be settled and ascertained; that the dower of the widow, Sophia Gehrke, might be ascertained, and a portion of the premises might be allotted and set off to her for her natural term of life for her dower; that a partition of all the remainder of the premises might be made between the cross-complainant and other persons, appearing to be owners or interested in the premises according to their respective rights; that commissioners should be appointed to make proper division and to assign dower; and that, if the premises could

not be divided without manifest prejudice, the same might be sold, and the proceeds of sale be divided among the owners, and for general relief. Answers were filed by the widow, Sophia Gehrke, and by the other defendants to the cross-bill, and replications were filed to such answers.

A reference was had to a master in chancery, who took testimony and made a report. The court rendered a decree, wherein it was recited that the cause came on to be heard upon the cross-bill, as amended, and the answers thereto, and the replications to the answers, and upon the petition of the widow, Sophia Gehrke, as amended, and the answers thereto, and the replications to such answers, and upon the report of the master in chancery, and exceptions filed thereto, and also upon proof, exhibits and oral testimony produced and heard in open court; and wherein it was ordered and decreed that the widow, Sophia Gehrke, be endowed during the term of her natural life with a one-third full and equal part of the premises in question, except a certain part thereof devised to the daughter, Matilda Lauterjung; that Sophia Gehrke have her homestead in accordance with the statute in the third and fourth floors, and a portion of the basement in the rear of the building, and in the heating apparatus therein, known as lot 8, block 8, in Newberry's addition to Chicago; that Emil Gehrke, Matilda Lauterjung and Robert C. Gehrke were each entitled to one-third of the premises subject to the dower and homestead of Sophia Gehrke; that Sophia Gehrke have her dower in said premises and her said homestead; that a partition of all the premises, including the remainder in that part which should be allowed and assigned for dower, subject to homestead, be made among the three children above named; that commissioners be appointed, and that they should first assign and allot to Sophia Gehrke her dower by metes and bounds according to quality and quantity, giving her the homestead as

above described; that the commissioners might assign and set off her dower in a body, or out of two or more of the tracts of the premises, as they might deem best for all persons interested. The decree finds among other things, that, in case of sale, there shall be paid out of the proceeds of such sale the costs and expenses, including the sum of $2500.00 to cross-complainant for his solicitor's fee; that the said solicitor's fee shall be included among the taxed costs, and that said costs shall be apportioned among the parties in interest, and paid by them in their respective portions, in case any sale of the premises shall be made therein.

From the decree thus appointing commissioners and providing for the partition of the property and the assignment of dower, Sophia Gehrke prayed an appeal to this court, and the case is now presented for review upon such appeal.

DENEEN & HAMILL, for appellant.

BARKER & CHURCH, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The decree, entered in this cause and from which the present appeal is prosecuted, allowed the sum of $2500.00 to the solicitors of the cross-complainant for their fee, and apportioned said sum among the parties in interest, so as to require the widow, Sophia Gehrke, to pay a portion thereof. The principal question in the case is, whether, under the circumstances shown by this record, the appellant, Sophia Gehrke, should be required to pay any portion of the fee allowed to the solicitors of the cross-complainant, Emil Gehrke.

*First*—Section 40 of the present act in regard to partition, as amended on June 4, 1889, provides that "in all proceedings for the partition of real estate when the

rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition. In such case the party or parties making such substantial defense, shall recover their costs against the complainant according to equity." (3 Starr & Cur. Ann. Stat. —2d ed.—p. 2927).

By this statute the solicitor's fee in proceedings for partition is made a part of the costs. The general rule is, that statutes, which impose costs, are to be construed strictly, as such statutes are penal in their character, and are regarded as creating liabilities which did not exist at common law. (23 Am. & Eng. Ency. of Law, p. 401; Black on the Interpretation of Laws, p. 295; *Dent* v. *State,* 42 Ala. 514). If the principle of strict construction be applied to section 40 as above quoted, the petition or bill therein referred to is an original petition or bill in a proceeding commenced for the partition of property, and not a cross-bill in a proceeding commenced originally for the assignment of dower under the Dower act.

The case at bar is not an original proceeding for partition. It is a proceeding, begun by the widow, who filed her petition for the assignment of her dower under the Dower act. She employed her own attorney to file her petition, and the same was answered by the heirs, who were made defendants, and an issue was made upon the allegations of the petition. It is true that Emil Gehrke, one of the sons of the deceased Conrad Gehrke, and an heir, owning an undivided one-third of the real estate subject to the widow's dower and homestead, filed a cross-bill in the proceeding for the assignment of dower, and prayed not only for the assignment of dower and homestead, but also for a partition of the property among

himself and the two other heirs. But it would be unjust to require that the appellant, who employed counsel to file a petition for her to have her dower set off to her, should be compelled to pay not only her own counsel, but the counsel of one or more of the defendants who filed a cross-bill asking for a partition. Section 40 did not contemplate the taxation of the solicitor's fee of the cross-complainant in such a partition proceeding against the widow, who filed the original petition for the assignment of dower.

In *Habberton* v. *Habberton*, 156 Ill. 444, we said, in regard to section 40 of the Partition act, that "the object of the statute seems to be to allow an apportionment of solicitor's fees against all persons in interest in such cases, and such only, where it is not necessary for the defendants, or any of them, to employ counsel to protect their interests in the lands." It cannot be said that it was not necessary for the appellant, who was a defendant to the cross-bill for partition, to employ counsel to protect her interest in the land, when she was the moving party who began the suit by filing her petition for the assignment of dower.

It is true that, in *Metheny* v. *Bohn*, 164 Ill. 495, it was held that the widow was one of the parties in interest in the suit, who might be required under section 40 to pay a portion of the solicitor's fee, allowed in such partition suit. But *Metheny* v. *Bohn*, *supra*, was a case where the original bill was a bill for partition, and not a case where the proceeding was commenced by the widow herself by the filing of a petition for the assignment of her dower. The Partition act provides, in section 5 thereof, that the petition for partition shall set forth the interests of all parties interested therein, including tenants in dower, and in section 22 thereof, that, if dower has not been allotted to the person entitled thereto, such dower may be allotted by the commissioners appointed in the partition proceeding; and, in section 39 thereof, it also provides

that, in suits for the partition of real estate, whether
by bill in chancery or by petition, the court may assign
dower. But all these provisions refer to cases where the
original proceeding is begun for the purpose of partition,
and not for the purpose of assigning dower under the
Dower act.   (*Hartwell* v. *DeVault*, 159 Ill. 325; *Metheny* v.
*Bohn, supra; Dunn* v. *Berkshire*, 175 Ill. 243; *Habberton* v.
*Habberton, supra*).

The course of legislation in reference to this subject
of taxing solicitor's fees as costs would seem to indicate,
that it was not the intention of the legislature to allow
the taxation of such solicitor's fee as part of the costs
in original proceedings, begun for the purpose of assign-
ing dower under the Dower act.

On April 16, 1869, the legislature passed an act to
amend chapter 79 of the Revised Statutes of 1845, of
which amendatory act section 1 was as follows: "That
in proceedings in any of the courts of this State for the
partition of real estate or for the assignment of dower,
or for either, it shall be lawful for the court to order
that a reasonable fee be allowed the solicitor or solic-
itors prosecuting to be determined by the court which
shall be taxed as costs and divided *pro rata* between the
parties to the proceeding according to their respective
interests." (Laws of Ill. of 1869, p. 368).

By an act to revise the law in relation to the parti-
tion of real estate, passed on February 9, 1874, and in
force on July 1, 1874, section 40 provided as follows: "In
all proceedings for the partition of real estate, the court
may apportion the costs, including the reasonable solic-
itor's fees, among the parties to the proceeding, so that
each party shall pay his equitable portion thereof."
(Rev. Stat. of Ill. of 1874, p. 753).

It will be noticed, that the act of 1874 omitted the
words, "for the assignment of dower." This omission
evidently indicates that the legislature did not intend
to allow the taxation of a solicitor's fee as a part of the

costs in proceedings for the assignment of dower. Section 40 remained in force, as it is in the act of 1874, until the same was amended by the act of June, 1889, as above set forth. While section 40 of the act of 1874 was in force, this court construed the statute to mean that, where the proceedings were not amicable, and the defendants deemed it necessary to employ counsel in order to protect their interests and secure a just partition, they should not be required to pay the fees of adverse counsel, as well as of their own counsel. (*Cowdrey* v. *Hitchcock*, 103 Ill. 262; *Stunz* v. *Stunz*, 131 id. 210).

In addition to the history of the legislation upon this subject as above detailed, the provisions of the Dower act itself are not consistent with the idea that, in the case of an original proceeding begun by the filing of a petition for the assignment of dower, the widow should be required to pay any portion of the solicitor's fees of the heirs, seeking a partition of the property among themselves by the filing of a cross-bill therefor. Section 18 of the Dower act provides: "It shall be the duty of the heir-at-law * * * to lay off and assign such dower as soon as practicable after the death of the husband or wife of such person." (2 Starr & Cur. Ann. Stat.—2d ed. —p. 1469). Section 19 of the Dower act provides that, "if such heir or other person shall not, within one month next after such death, satisfactorily assign and set over to the surviving husband or wife, dower in and to all lands, tenements and hereditaments whereof by law he or she is or may be dowable, such survivor may sue for and recover the same by petition in chancery, as hereinafter prescribed, against such heir or other person, or any tenant in possession, or any other person claiming right or possession in said estate." (Ibid.)

The heir is thus required by the Dower act to lay off and assign the widow's dower as soon as practicable after the death of the husband, and, if he does not do so within a month next after such death, the widow may

herself file her petition for the assignment of her dower. The filing of a petition by the widow for the assignment of her dower implies the neglect of the heirs to set it off to her in accordance with the statutory requirement. To permit the widow to employ counsel to file a petition for the assignment of her dower and then permit the heirs, who are made defendants to such petition, to come in and, by filing a cross-bill for partition, compel the widow to pay a portion of their solicitor's fees, would be to permit such heirs to take advantage of their own wrong, inasmuch as the filing of the petition for dower by the widow is the result of their own neglect to set off her dower, as required by section 18 of the Dower act.

For the reasons above stated, we are of the opinion that the court below erred in compelling the appellant to pay any portion of the solicitor's fee, taxed for the services performed by counsel for the cross-complainant in this case.

*Second*—The testimony taken before the master shows that Robert C. Gehrke, one of the appellees, collected the rents of the premises described in the appellant's petition which accrued between May 25, 1899, when the widow filed her petition or made demand for dower, and January 1, 1900, amounting altogether to $2430.59. In the account stated by the master and approved by the decree of the court below, the appellant was credited with one-third of the rents so collected, to-wit: $810.20. It also appears that the appellee, Robert C. Gehrke, paid out for taxes upon the premises $1270.60, and for repairs or improvements made upon a portion thereof, the sum of $511.85, amounting altogether to $1782.51. One-seventh of each of these amounts, to-wit, $73.12 and $181.52, amounting in all to $254.64, was charged by the master against the appellant in the account made and reported by him. The appellant claims that the decree of the court below was erroneous in compelling her to pay any portion of these disbursements for taxes and repairs.

The appellant filed no exceptions to the master's report charging one-seventh of these items against her, which was done in pursuance of a stipulation between herself and the other parties apportioning one-seventh thereof to her. If, in the opinion of appellant, the evidence offered before the master in regard to these items was incompetent or insufficient to establish them, she was required to file objections before the master, and, if overruled, to renew such objections as exceptions in the trial court. As no exception was taken before the master or in the trial court, she is precluded from making the objection here. "The master's report must be held conclusive of all questions covered by it not excepted to." (*Cheltenham Improvement Co.* v. *Whitehead*, 128 Ill. 279). Appellant appeared by her counsel and took part in the proceedings before the master in reference to the statement of the account without objection thereto, and she ought not to be permitted to raise the objection for the first time in this court. (*Whittemore* v. *Fisher*, 132 Ill. 243). Where, in an accounting before the master in such a case as this, one of the parties shows the taxes paid by him and both parties treat the matter of repairs or improvements as a matter upon which the master is to pass, they must both be held to have voluntarily submitted the questions of taxes and repairs or improvements to the master; and, where no objection to the finding of the master in relation thereto is made before him or before the trial court, it is too late to make it in this court. (*Roberts* v. *Beckwith*, 79 Ill. 246; *Shoot* v. *Galbreath*, 128 id. 214; *Snell* v. *DeLand*, 138 id. 55; *Hewitt* v. *Dement*, 57 id. 500; *Brockman* v. *Aulger*, 12 id. 277; *Thornton* v. *Commonwealth Loan Ass.* 181 id. 456; *Springer* v. *Kroeschell*, 161 id. 358).

We are of the opinion, that the record is not in such shape as to allow the appellant to urge upon our attention any objections to the allowance by the court below of the items of taxes and repairs.

For the error, however, in taxing against the appellant a part of the fees of the solicitors of appellees, the decree of the superior court of Cook county is reversed, and the cause is remanded to that court with directions to correct its decree in the respect thus indicated.