## James H. Poage v. Harriet Smith.

1.  PARTITION—*Reasonable Solicitor's Fees, When to be Allowed.*—In suits for partition, when the rights and interests of all the parties are properly set out in the bill or petition, the court is authorized to apportion the costs, including the reasonable solicitor's fees, among the parties to the suit, so that each shall pay his equitable portion of the same, unless the defendants or some one of them shall interpose a good and substantial defense to the suit.

2.  APPELLATE COURT PRACTICE—*Where the Record is Sufficient to Enable the Court to Pass upon the Questions Presented.*—Where the record is sufficient to enable the court to intelligently pass upon the questions presented, it is the duty of the court to do so; the failure to file a complete record, however, is cause for affirming the decree, but not for dismissing the appeal.

**Bill for Partition.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.   Heard in this court at the October term, 1901.   Affirmed.   Opinion filed March 20, 1902.

JAMES H. POAGE, solicitor *pro se.*

JOHN T. RICHARDS, solicitor for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The only question presented by this appeal is whether the learned chancellor of the Circuit Court was correct in his decree, on a bill for partition of certain real estate, which was by the decree divided between appellant, appellee and others, in refusing thereby to tax against appellee one-third of the reasonable solicitors' fees of $850, which were taxed against the other parties to said cause to whom the other portions of said real estate were assigned.

The statute of this State in regard to partition (Ch. 106, Sec. 40), in so far as it relates to this question, is, viz. :

" When the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition."

Esther Ray, in her lifetime, being then the owner, made a deed of said real estate to Bonfield and Costello. The latter died and Bonfield brought a bill for partition of the real estate against Costello's widow and heirs and others. Appellant and others were allowed to come into the case as defendants, answered the bill and filed their cross-bill, to which appellee, among others, was made a defendant. This cross-bill, after a demurrer thereto, was amended and answered by appellee and by the parties to the original bill, also defendants thereto. The cross-bill and the answer of appellant to the original bill, among other things, alleged that Bonfield and the widow and heirs of Costello had no title to said real estate; that prior to and at the time of the execution of said deed by Esther Ray, she was of unsound mind and incapable of making a valid conveyance; that said Ray had died leaving certain heirs, naming them, to which said real estate descended, and that by certain conveyance thereafter made and set up in the cross-bill, said real estate had become and was vested in fee simple in the following persons as tenants in common of the shares following, to wit: Josephine Poage, two-twelfths; Robert Mann, one-twelfth; Harriet Smith, defendant, four-twelfths; Florence DuChatteau, one-twelfth, and James H. Poage, four-twelfths.

The cross-bill also set up the claims of Bonfield and others to said real estate which were made in the original bill, prayed that said deed of Esther Ray be declared void and set aside, and for partition, according to the rights of the several parties as set out therein.

The answers of appellee and the said claimants to the real estate, as set out in the original bill, denied that Esther Ray was of unsound mind and incapable of making a valid conveyance at the time of the execution of her said deed.

Issues were made on the original and cross-bills, the cause referred to a master, who took evidence and reported his conclusions thereon, and the cause was heard upon the pleadings, evidence, master's report and exceptions thereto. A decree was rendered overruling the exceptions to the

master's report and confirming it, which, among other things, found the interests of the parties in the real estate to be as alleged in the cross-bill, except that said cross-bill failed to set forth correctly the interests of Bonfield and others, grantees in the deed from Esther Ray which was set aside by the decree of partition, inasmuch as it omitted to state that $1,080 of the consideration paid by Bonfield and Costello benefited Esther Ray's estate by paying off a mortgage, and about fifty dollars was used to pay for medical attendance on said Esther Ray, and that said amounts should be refunded to said grantees upon said deed being set aside.

No other findings material to the question presented were made.   The said deed was declared void and set aside and the original bill dismissed for want of equity.

The master's report and none of the evidence on which the decree of the chancellor was based is in the record.   It is claimed by appellee that because said report and evidence are not in the record, the appeal should be dismissed.   We think not.   If the record is sufficient to enable the court intelligently to pass upon the questions presented, it is the duty of the court to do so.   The failure to file a complete record may be cause for affirming the decree, but not for dismissing the appeal.

In the absence of the evidence in the case, we are unable to determine whether a defense was made to the cross-bill in good faith and on reasonable ground, or whether it was substantial in its character.

There is nothing in the pleadings nor decree to indicate a lack of any of these elements in the defense presented to this cross-bill by appellee.   The fact that the master and chancellor found against the defense, is by no means conclusive.

In construing this statute upon a like question in the case of Metheny v. Bohn, 164 Ill. 495–501, the court said:

"We think it should be construed as meaning that a defense, valid and substantial in character, made in good faith and on reasonable ground, should exempt a defendant from paying a solicitor of his adversary, not for services

rendered to him, but for a hostile attack upon what he in good faith believes to be his substantial right. If the bill states the rights and interests of the parties correctly, a defense which is merely formal, frivolous or vexatious, or which is not undertaken in good faith, would not be regarded as good or substantial. The defense in this case was of a good and substantial character and was not undertaken without reasonable grounds, although it was overcome by evidence on the part of complainant and proved unsuccessful. In such case it would not be equitable for the defendant to pay a part of a solicitor's fee solely earned as his adversary."

To the same effect, in substance, are the very recent cases of Gehrke v. Gehrke, 190 Ill. 166, and Bliss v. Seeley, 191 Ill. 477, in the latter of which cases it was held that where a defense was not formal, frivolous or vexatious, but of a substantial character, though held bad in the Supreme Court, solicitor's fees should not be taxed against the party making such a defense.

It is claimed that as appellee did not join in the cross-bill, she had to be made a defendant, and she merely drifted with the tide. The difficulty with sustaining this contention is that the evidence produced and on which the chancellor acted, is not before us. It may be entirely true, but on the other hand, as suggested by her counsel, appellee may have, for anything shown, sought to vindicate the memory of her mother (Esther Ray) from the charge of insanity. It is not unreasonable at all that such purpose might have been the motive of her defense. It may have been in entire good faith and of the most substantial character. It is true, as claimed by appellant, appellee denied she had an interest in the real estate. That followed if her mother's mind was sound when she made the deed. Had she succeeded in making the proof to sustain her claim, could it be said she did not make a valid and substantial defense? Because she failed, and under the decree is given property she did not seek to gain, according to appellant's contention, she must help him to pay his solicitor's fees incurred in getting his own, and at the same time place a blight not only upon her mother's memory, but the taint of insanity

by heredity upon her own life. This contention is, in our opinion, without merit on this record.

It is unnecessary to consider the finding of the decree with reference to the failure of the cross-bill to set out the interests of the grantees in the deed of Esther Ray.

The decree of the Circuit Court is affirmed.