## Jantje Knol, Appellee, v. Abel Knol, Appellant.

### Gen. No. 17,025.

1. DIVORCE—*no relief not prayed for or against person not a party.* Where a wife suing for divorce claims certain property but does not make the tenant a party defendant or ask for relief against him, it is error for the court to order that the tenant pay the rent of the premises to her.

2. DIVORCE—*when verification of bill is insufficient.* It is improper to verify a bill for divorce partly on personal knowledge and partly on information and belief.

3. DIVORCE—*necessity of proving value of solicitor's fees.* In allowing solicitor's fees in divorce there should be some proof as to the amount of service performed by the solicitor or proof that the fee is a usual and customary one.

4. APPEAL AND ERROR—*when improper allowance of solicitor's fees will not reverse.* The court will hesitate to reverse an order allowing solicitor's fees in divorce though there is no supporting proof where the amount allowed is small, twenty-five dollars, and is stated to be on account.

Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded with directions. Opinion filed June 14, 1912.

I. T. GREENACRE, for appellants.

GURDON WILLIAMS, for appellee.

Mr. Justice Clark delivered the opinion of the court.

This is an appeal from an order allowing appellee alimony *pendente lite* and $25 "on account of" solicitor's fees in a suit for divorce. The order further provided that John Pott pay the complainant (appellee) rent for the use of certain premises claimed to be the property of appellee. Pott was not made a party defendant to the bill and was not summoned. He however joined in the appeal. It is clear that the order was erroneously entered as to him. If appellee was the owner of the premises she could of course compel the payment of the rent or obtain possession of the premises in a law proceeding. No valid order or decree could be entered against Pott in the case before us for the additional reason that no relief is asked against him in the bill of complaint. The allowance of alimony included a sum for the support of the child of the parties.

The bill charged habitual drunkenness, but was not sworn to at the time it was filed. An attempt was made to verify it in an affidavit filed by the appellee in reply to the verified answer filed by appellant. The language used was:

"That all the allegations set forth in the bill of complaint heretofore filed in the above entitled cause are true in substance and in fact except as to such matters which are stated upon information and belief, and as to such matters she believes them to be true."

This language has been many times held to constitute an improper verification because it is impossible to say which matters are stated in the bill on information and belief, and which matters are within the personal knowledge of the complainant. (Neil v. Oldach, 86 Ill. App. 354, and cases cited.)

The answer filed by the appellant, Abel Knol, is verified, and denies all the allegations of the bill of complaint. In his answer he also charges improper conduct on the part of the complainant.

There is no evidence in the record as to the amount of services performed by the solicitor or· the value thereof, or that the fee is a usual and customary fee. Indeed, the allowance made appears to have been ''on account.'' We think there should have been some proof  on these matters. (Metheny v. Bohn, 164 Ill. 495.) The amount, however, allowed was small, and we should hesitate to reverse the order solely on account of this allowance to apply on solicitor's fees. However in our opinion the pleadings and proof at the time the order was entered were not of such character as justified the issuance of the order.

For the reasons stated the order will be reversed with directions to the court to dismiss the petition,· but without prejudice to the complainant to renew the motion in proper form if she shall be so advised.

*Reversed and remanded with directions.*