(No. 18518.—

HENRY KATHMAN, Appellant, *vs.* DORA SHEEHAN *et al.* Appellees.

*Opinion filed October 25, 1928—Rehearing denied Dec. 7, 1928.*

W. E. KNOWLES, for appellant.

McHALE & McHALE, and MAURICE V. JOYCE, for appellees.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Henry Kathman filed an amended bill in the circuit court of St. Clair county against Dora Sheehan, James Sheehan, the Union Trust Company of East St. Louis, the Illi-

nois State Trust Company, Henry James Kathman, Dorothy Marie Kathman, Thomas J. Canavan, and other defendants, for the assignment of dower and for an accounting by the Union Trust Company as trustee. Dora Sheehan, James Sheehan and Thomas J. Canavan filed a demurrer to the amended bill. Another demurrer was interposed by the Union Trust Company. These demurrers were sustained and the amended bill was dismissed for want of equity. From that decree the complainant prosecutes this appeal.

The amended bill alleges: Appellant married Bessie Kathman on June 26, 1911. Subsequently, on May 18, 1915, Dora Sheehan, and James Sheehan, her husband, the parents of Bessie Kathman, and the latter with appellant, her husband, conveyed lot 24 and a part of lot 42, in block D, being a part of survey 626, and lot 26, in block 6, of Lansdowne, in St. Clair county, to the Union Trust and Savings Bank, which later changed its name to the Union Trust Company, for the purposes specified in a declaration of trust attached to and made a part of the deed of conveyance. By this deed the grantors expressly waived all rights of dower in the property conveyed. The deed was recorded on May 25, 1915. The bank, by the declaration of trust, agreed to hold the legal title to the real estate for the use and benefit of Dora Sheehan, Bessie Kathman and James Sheehan according to their several rights and interests as defined in that instrument. The declaration of trust sets forth that lot 24, and part of lot 42, in block D, were incumbered by a mortgage for $16,000, bearing interest at six per cent per annum, and that the mortgaged property was leased to the Drovers' National Bank at an annual rental of $5000, payable in monthly installments of $416.66; that the grantors, desirous of creating a fund out of the rent so received and from money derived from other sources, authorized the trustee to collect the rent and place $300 per month in a savings account, to be applied toward

the payment of the mortgage indebtedness and the cost and expense of maintaining the property, including, among other items, taxes, special assessments, insurance premiums and repairs; that the money collected by the trustee in excess of $300 monthly should on the first day of each month, beginning on June 1, 1915, be divided equally between Dora Sheehan and Bessie Kathman until the mortgage was paid; that if at the maturity of the mortgage the funds in the savings account were insufficient to discharge the whole indebtedness, the trustee should apply that account toward the payment of the incumbrance and execute a new mortgage for the balance, payable at such a time as in its judgment would enable it to accumulate funds sufficient to discharge the new mortgage; that when the property was freed from all liens the savings account should be closed, and all the rent thereafter collected, less a reasonable sum for the payment of taxes, assessments and maintenance charges, should be divided equally between Bessie Kathman and Dora Sheehan; that in the event of the latter's death her share or portion should thereafter be paid to James Sheehan, her husband; that lot 26, in block 6, constituted the homestead of Dora Sheehan and James Sheehan; that they, and their survivor, should hold the property as life tenants, and the trustee should not collect any rent therefrom during that period; that the trustee should, however, exercise supervision over the property by keeping it insured, making repairs and paying the taxes and assessments thereon; that during the continuation of the trust the sale of the property was prohibited, except that in case the property should be damaged it might be sold if a sale should prove advantageous to the beneficiaries; that the trustee was empowered to institute and defend suits relating to the property, it should not become liable for the payment of money except that derived from the trust property, it was required to keep a true account of all its receipts and disbursements and to render statements thereof to the beneficiaries, and

its compensation was fixed at two per cent, annually, of the sum of its disbursements; that the duration of the trust was fixed at seven years, and if the mortgage was not paid within that period then the trust should continue until that indebtedness was discharged, and that at the expiration of seven years, or upon the full payment of the mortgage thereafter, the trust might be revoked upon the request of the beneficiaries or their survivor.

Further allegations of the amended bill are: Bessie Kathman died intestate on January 11, 1922, leaving appellant, her surviving husband, and Henry James Kathman and Dorothy Marie Kathman, of the ages of ten and eight years, respectively, her children. At the time of her death Bessie Kathman was seized of an equitable estate of inheritance in an undivided one-half interest in the property described in the deed to the Union Trust and Savings Bank. By virtue of appellant's marriage, the execution and delivery of the deed in trust and the death of his wife appellant became entitled to dower in the property. Dora Sheehan owns an equitable estate of inheritance in an undivided one-half interest in the property and has a life estate in the premises occupied by herself and her husband as a homestead. Henry James Kathman and Dorothy Marie Kathman, minor children of appellant and Bessie Kathman, deceased, own, as tenants in common, an equitable estate of inheritance in an undivided one-half interest, subject to the right of dower of appellant and the life estate of Dora Sheehan, and the Illinois State Trust Company is the guardian of the estates of these minors. On April 6, 1925, appellant caused a demand in writing to be served on James Sheehan, Dora Sheehan and the Union Trust Company, demanding that they assign his right of dower to him. His dower has never been assigned nor has he received any compensation or equivalent therefor.

Among the concluding allegations of the amended bill are: The lease under which the Drovers' National Bank

occupied lot 24 and part of lot 42, in block D, required the lessee to make all repairs to the interior of the demised premises, but the trustee, in violation of the provisions of the lease, expended $3000 in decorating and repairing the interior of the building. For several years the trustee allowed James Sheehan to let a portion of the same property to John Evans. The part so leased to Evans was worth, and Sheehan collected, from $75 to $100 per month therefor. He accounted to the trustee for only $50 per month and appropriated the excess to himself. The trustee should account to appellant and the other equitable owners of the property for the money wrongfully expended for interior decorating and repairs and for the excess retained by Sheehan.

The questions raised are whether appellant is entitled to dower in the real estate and to an accounting by the trustee. Appellant does not contend that the grantors in the deed in trust retained any legal interest in the property conveyed after the delivery of the deed, but he insists that three of these grantors, Dora Sheehan, James Sheehan and Bessie Kathman, took as grantees or equitable owners under the deed, and that by section 3 of the Conveyance act and section 1 of the Dower act, he, as the surviving husband of Bessie Kathman, deceased, is entitled to dower and hence to an accounting by the trustee.

The property was conveyed to the trustee by the deed of May 18, 1915. The trust was an active one, for the trustee, among other duties, was required: to collect the rent, deposit a portion each month in a savings account and divide the excess equally between two beneficiaries; to pay the taxes and special assessments, interest on the mortgage, insurance premiums and other charges against the property; to apply, at the maturity of the mortgage, the funds in the savings account toward its payment; to execute a new incumbrance for the balance maturing at such a time as would enable the trustee, out of the income, to discharge

the incumbrance, and thereafter from the income to defray the cost and expense of maintaining the property, and to divide the excess between the beneficiaries. Where a trustee is required to hold the legal title in order to perform his duties, such as investing the principal, applying the income or protecting the estate for a given time or until the happening of a certain event, the trust is active and is not executed by section 3 of the Conveyance act, which re-enacted the substance of the Statute of Uses. *Chicago Terminal Transfer Railroad Co.* v. *Winslow,* 216 Ill. 166; *McFall* v. *Kirkpatrick,* 236 id. 281; *Johnson* v. *Lee,* 228 id. 167.

The trust in the instant case, the declaration provided, should exist for seven years from May 18, 1915, and if the mortgage was not paid at the end of that period the trust should continue to exist until the indebtedness had been discharged. Not until the expiration of the seven-year period or the full payment of the mortgage thereafter could the trust agreement be revoked, and then only at the request of all the beneficiaries or their survivor. Appellant agreed by the deed and the declaration of trust, to both of which he was a party, that the trustee should hold title to the property for the period and the purposes specified in those instruments. Bessie Kathman died while the trust was in existence and the trustee was engaged in the performance of its duties. There is no allegation in the amended bill that the mortgage indebtedness has been paid or that the trust has been terminated. Appellant by the deed in trust expressly waived his right of dower in the property. To subject lands to dower under section 1 of the Dower act the owner of the equitable estate must have been in position, at the time of his or her death, to enforce a conveyance of the legal title. (*Tink* v. *Walker,* 148 Ill. 234; *Taylor* v. *Kearn,* 68 id. 339; *Stow* v. *Steel,* 45 id. 328; *Davenport* v. *Farrar,* 1 Scam. 314.) At the time of her death Bessie Kathman could not have required or compelled the trustee to convey to her the legal title to any portion of

the trust property. Hence appellant by his amended bill failed to show any right to an assignment of dower or to an accounting by the trustee. The demurrers to appellant's amended bill were therefore properly sustained.

The decree of the circuit court is affirmed.

*Decree affirmed.*